State *v.* Soule.

### State *versus* John Soule.

A count in an indictment defective for not alleging the offence to have been committed against the form of the statute, is not aided by another count in the same indictment for another offence in which there is that allegation.

When a motion to quash an indictment was overruled, and the indictment was ordered to proceed to trial, it was held that exceptions would not lie to such order. If a motion had been made after verdict, and in arrest of judgment for cause, exceptions would be sustained if improperly overruled.

Though exceptions are overruled, the motion in arrest of judgment may be made in this Court, and judgment will be arrested.

EXCEPTIONS from the District Court, ALLEN J. presiding.

This was an indictment against the defendant. The first count was for lewdly and lasciviously associating and cohabiting with one Lydia Humphrey, a married woman, the defendant being a single man. There was no allegation that the offence was against the form of the statute.

The second count was for fornication with the same person, which was alleged to have been committed against the form of the statute.

Before the cause was committed to the jury, the counsel for the defendant moved the Court to quash the indictment, but

State *v.* Soule.

the motion was denied. The jury returned a verdict of guilty on the first and not guilty on the second, and exceptions were filed.

*J. Crosby,* for the defendant, argued that the first count was defective in not concluding *contra formam statuti.* Such an allegation is necessary in every indictment for a statutory offence, and should be in every count. It is necessary in order that the defendant should know with what offence he is charged, and that the Court may know from the record what judgment to pronounce. *King* v. *Holland,* 5 D. & E. 624 ; 4 Bac. Ab. 8 ; *Com.* v. *Stockbridge,* 11 Mass. R. 279. There is no reference to the other count. Every allegation necessary to constitute an offence must be alleged. 1 Chitty's Cr. Law, 233 ; *King* v. *Aylett,* 1 D. & E. 63. The Court will not presume the offence to have been committed against the form of the statute unless it be so alleged. *Baxter* v. *Martin,* 5 Greenl. 80. The words *contra formam* are essential in the description of every statutory offence. 1 Chitty's Cr. Law, 173. The counts are as distinct as several counts in a declaration. 4 Bac. Ab. 9. An indictment like the present one was adjudged bad in *The King* v. *Mason,* 2 D. & E. 581.

*D. Goodenow,* Attorney General, *contra.*

By the Court. The question whether a defective count can be cured by a reference to another, does not arise in this case, there being no such reference. The allegation that the offence was committed *contra formam statuti,* is necessary to the description of it. But the motion in this case, having been made before verdict, and there having been one good count in the indictment, it was within the discretion of the presiding Judge to quash the indictment or not. Had the motion been made after verdict in arrest of judgment, the exceptions must have been sustained.

*Exceptions overruled.*

The counsel for the defendant then filed a motion in this Court in arrest of judgment, for the reasons before assigned, and it was arrested.