AARON E. WAIT, *Chief-Justice.*
REUBEN P. BOISE,
RILEY E. STRATTON,  } *Associate Justices.*
PAINE P. PRIM,

J. G. WILSON, *Clerk.*

---

DECEMBER TERM, 1859, }
*Supreme Court of the State of Oregon.* }

*Ordered,*—That the clerk be authorized to tax, as a part of the costs against the losing party, the sum of three dollars in each cause, as fees for recording the opinion of the court therein.

---

PLEASANT HOWELL, Plaintiff in Error, *v.* STATE OF OREGON, Defendant in Error.

*Error to Marion.*

1. Under the statute, it is not necessary for the jury to assess, in their verdict, the value of the property stolen, when the property is alleged to be of a specific value.
2. Under the statute, "in every case in which punishment in the penitentiary is awarded, &c., the form of the sentence shall be, that he be punished by

VOL. I.                    16

confinement at hard labor; and he may, also, be sentenced to solitary confinement for such term as the court shall direct, not exceeding twenty days at one time," &c. A sentence of "one year's solitary confinement, and kept at hard labor," &c., is *unauthorized*, and is *error*.

3. The court below might amend the record during the term, and make it responsive to the facts.

4. In criminal causes, this court may affirm or reverse .the judgment below, but cannot modify it.

At the September term, A. D. 1859, of the Circuit Court for the county of Marion, Pleasant Howell was tried and convicted, upon an indictment for larceny, for having feloniously taken and carried away sixty-one dollars, to wit: three twenty-dollar pieces of gold coin, and two half-dollar pieces of silver coin, lawful money of the United States, the personal property of Daniel Brock." The verdict of the jury was as follows, to wit:

"STATE OF OREGON v. PLEASANT HOWELL.

We, the jury in the above cause, find the defendant guilty.
JOHN Q. WILSON, *Foreman.*"

Upon which verdict, the said Howell was "sentenced to one year's solitary confinement, and kept at hard labor in the penitentiary of this State."

Of the errors assigned, those mainly relied upon for the reversal of the judgment are as follows:

"3. The value or amount of the property stolen is not stated in the verdict.

"4. The sentence of the court is without authority of law.

"5. The sentence is not in the form and manner as prescribed by statute."

*G. H. Williams*, for plaintiff in error.

*J. G. Wilson*, prosecuting attorney, for defendant in error.

Per WAIT, C. J. Upon trial for stealing property of a specified value, it is not necessary, under our statute, that the

jury should return in their verdict the value of the property stolen. If, as in some States, the owner of stolen property would be entitled to recover double or other multiplied value of the property stolen, then here, as there, a reason would exist for a finding and return by verdict of the value of the property stolen. The verdict in this case implies that the defendant is guilty as charged.

There is nothing in our statute which requires that the value of the property stolen should be returned in the verdict, and we have no law by which any person would be benefited or injured by such a return. The law does not require the doing of an unnecessary thing, and as such a return was unnecessary, it was properly omitted.

The 4th and 5th points assigned are substantially the same, and will be considered together. Was the sentence such as was authorized by law?

No authorities have been cited upon this question. By our general laws providing for indictments in criminal cases, it is provided, that "in every case in which punishment in the penitentiary is awarded against any convict, the form of the sentence shall be, that he be punished by confinement at hard labor; and he may also be sentenced to solitary confinement for such term as the court shall direct, not exceeding twenty days at one time; and in execution of such punishment, the solitary imprisonment shall precede the punishment by hard labor, unless the court shall otherwise order." (*Statutes of Oregon, sec.* 5, *page* 274.)

As far as this provision of law is concerned, it is entirely clear that the court below was authorized to sentence the defendant to "solitary imprisonment, not to exceed twenty days at one time;" and that it had no power to sentence him to "one year's solitary confinement."

But it is insisted by counsel for State, that the act, entitled "An act to provide for the election, and to define the duties of a superintendent of the penitentiary," passed January 28, 1857, abolishes solitary imprisonment. That act repeals all laws, and parts of laws in conflict therewith, and provides

that " it shall be lawful, and is hereby made the duty of said superintendent and keeper, to employ all convicts in the penitentiary, so far as they may deem practicable, in labor in and upon the penitentiary buildings and grounds, or in mechanical pursuits, within the penitentiary, if deemed practicable."

It is by no means clear that this provision of law does abolish solitary imprisonment. Before the enactment of that law, confinement at hard labor was, as it is now, a necessary part of every sentence of imprisonment in the penitentiary. That act does not specifically abolish " solitary imprisonment, nor does it originate the punishment of hard labor;" but it does direct *when* and in *what* such labor shall be employed; as " in and upon the penitentiary buildings and grounds, or in mechanical pursuits within the penitentiary, if deemed practicable." But, suppose it is true that solitary imprisonment is abolished, and that our courts have no authority to punish by solitary confinement for " twenty days," does it, therefore, follow, that the defendant was lawfully sentenced to " one year's solitary confinement?" We think not. It is said that the sentence of the learned judge in the court below, as orally announced, was not as it is recorded, and that the word " solitary" was inserted by the clerk, under the supposition that it was his duty to do so ; but the record, as signed by the judge, and as it comes before this court, shows that the defendant was and is " sentenced to one year's solitary confinement." No application is made to amend the record, and it is not claimed that this court has the power to do so. In a civil case, this court has the power to modify a judgment of the Circuit Court; but in a criminal case, the judgment of the Circuit Court must be either affirmed or reversed. During the term, the court below might have amended the record according to the fact. The judge was the *living* record of his court during the term, and possessed the power to so amend or modify it, as to make it conform to law.

Section 13, page 256, of the statutes, provides, that " no

Howell *v.* State.

indictment shall be decreed insufficient, nor shall the trial, judgment, or other proceedings thereon, be affected by reason of a defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant, upon the merits." It is insisted that this provision of law authorizes this court to overlook the errors in the record under consideration; but this provision of law only applies to the "insufficiency" of the indictment, and to a "trial, judgment, or other proceeding" under an insufficient indictment. The *sufficiency* of the indictment, in the case at bar, is not questioned. The spirit and reasonable intendment of this provision of law is, that if an indictment is defective, or imperfect, in matter of form, and trial, judgment, or other proceeding is had upon it, such proceeding will not be affected by reason of such defect or imperfection; but it has no possible application to an unauthorized judgment rendered under a sufficient indictment. This court, then, must take the judgment of the court below as it is. We have no power to take from, add to, or modify it. It must speak for itself, and stand or fall as in law it is authorized or unauthorized. The record, as it comes and remains before us, shows that the defendant was "sentenced to one year's solitary confinement, and kept at hard labor in the penitentiary of this State."

If this sentence was authorized by law, the judgment should be affirmed; if not authorized by law, it should not be affirmed as law, but should be reversed.

We think that the sentence was unauthorized by law, and hence, that the judgment of the court below should be reversed, and a new trial granted.

Judgment reversed and a new trial granted.

STRATTON, J., not concurring.