INDIANAPOLIS & ST. LOUIS R. R. CO.

*v.*

LUTHER MILLER.

1.  ERROR—*presumption.*  Unless the contrary is shown, it will be presumed on error, in a suit at law, that the court below decided correctly.

2.  SAME—*admissibility of evidence.*  Where it is assigned for error that the court below refused to admit or hear testimony, its relevancy should be made to appear by bill of exceptions, otherwise this court will presume in favor of the ruling below, that such evidence was not pertinent to the issues.

3.  MATTOON COM. PLEAS COURT—*trial of appeal from.*  The act creating this court gave an appeal to the circuit court of Coles County, in the same cases, to be taken and conducted in the same manner, as appeals from the circuit to the supreme court, with this proviso, " provided, either party may introduce other and additional evidence upon the trial in the circuit court as in other cases."  It was held that a party appealing under this act from a judgment against him, and failing to preserve the evidence heard on the trial in the common pleas court, could not be allowed to introduce evidence on the trial of the appeal.

4.  SAME—*construction.*  The manifest intention of such act is, that if the objection is to the finding of the jury, the evidence should be preserved in and made a part of the record by a bill of exceptions, and that the case should be tried in the circuit court on the bill of exceptions, and such additional evidence as the parties may introduce.  When the evidence is not thus preserved there can be no trial in the evidence heard below, and there is no evidence in the record to which other evidence can be added.

5.  SAME.  When the evidence is not preserved in the record, the circuit court must try the case on the record alone, and if no error appears therein, the circuit court may either affirm the judgment below and award a *procedendo,* or render final judgment and award an execution the same as this court may do.

WRIT OF ERROR to the Circuit Court of Coles County; the Hon. JAMES STEELE, Judge, presiding.

Mr. JAMES W. CRAIG, for the plaintiff in error.

Messrs. BENNETT, HENRY & HUGHES, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trover, instituted by defendant in error in the common pleas court of Mattoon, against plaintiff in error, to recover the value of certain railroad tools and implements, claimed to have been owned by defendant in error, and converted by the railroad company to its use. There was a trial, resulting in a verdict and judgment in favor of plaintiff in the common pleas court, from which the company appealed to the circuit court of Coles County. Errors were assigned on the record that the verdict was against the evidence, etc.

At the April term, 1871, of the circuit court, defendant in error moved the court to dismiss the appeal on several grounds, but the company having filed an amended appeal bond, under a rule of court, the motion was overruled. A trial was then had by the court by consent, without a jury, and the judgment of the common pleas court was affirmed, and a writ of error is prosecuted to this court. Defendant in error read in evidence the transcript of the record of the common pleas court, but introduced no other evidence. The company offered to introduce, as the record stated, " Other and additional evidence from that introduced by them on the trial below ; " but the court refused to hear it on being objected to by defendant in error. And the error assigned on this record questions the correctness of that decision.

In the first place, there is no bill of exceptions appearing in this record, from which we can determine whether the evidence had the slightest relevancy to the case. It may have

been; and the presumption, in the absence of a bill of excep-
tions, is, that it was not pertinent to the issue.   Until the
contrary is shown, the presumption is that the court below de-
cided correctly; and we have seen that no error has been
shown in this instance.

But it is urged that the law creating this common pleas court,
(Sess. Laws 1869, § 10, p. 135) prohibited the court below from
hearing evidence, inasmuch as there was no bill of exceptions
preserving the evidence in the common pleas court.   The por-
tion of that section which bears on this question is this:

"Appeals from the orders and judgments of .said court may
be taken to the circuit court of Coles County, and shall be
had in the same cases, and taken and conducted in the same
manner as is provided by the laws of this State for the taking
of appeals from the circuit court to the supreme court:   Pro-
vided, that either party may introduce other and additional
evidence upon the trial of said cause in the circuit court as in
the other cases."

While it is true that a party may prosecute an appeal from
the judgment of the circuit court to the supreme court with-
out filing any bill of exceptions, it is equally true that the ap-
pellate court on such appeal can only review the record of the
court below, and affirm or reverse, as it may or not find error
in the decisions of the court below.   But when there is no
bill of exceptions, the supreme court can not review evidence
or other matter which can only become a part of the record
by a bill of exceptions.   In the supreme court no evidence can
be heard unless it be embodied in a bill of exceptions; and
when the error assigned is that the verdict is not supported
by the evidence, the issues are tried by the evidence in the
record, and made a part of it by bill of exceptions.   And
when the statute declared that appeals might be taken from
the orders and judgments of the common pleas court to the
circuit court, and conducted in the manner as provided for
taking appeals from the circuit to the supreme court, it was

manifestly intended that if the objection was to the finding of the jury, the evidence should be preserved in and made a part of the record by a regular bill of exceptions, and that the case should be tried in the circuit court on the bill of exceptions, with such additional evidence as the parties might introduce.

But if no bill of exceptions embodying the evidence was made and sent to the circuit court, then there can not be a trial on the evidence because the evidence heard in the court below, is not, nor can it be heard in the circuit court; and there being no evidence in the record sent up, there is not evidence in the court to which other evidence can be added. To hold otherwise would be to give a trial *de novo* in the circuit court, and such a trial is clearly negatived by the language of the statute, when it requires the appeal to be conducted in the same manner that is required in taking appeals to this court, except so far as it is altered by allowing other and different evidence. Had a new trial been ordered the statute would have declared that the trial should be conducted in the same manner as trials in the circuit court, or by some other as clear and unambiguous language. The court below, therefore, did right in rejecting the evidence offered, whether or not it was pertinent to the issue. The only course left to the circuit court was to try the case on the record of the common pleas court; and no error is perceived in it.

In this court there is, under the statute, an undoubted power to affirm the judgment of the court below and to award a *procedendo*, or to render a judgment in this court and award an execution; either course is open to this court. And when the statute requires an appeal from the common pleas court to be taken and conducted in the same manner as in this court, the circuit court may, on the trial of an appeal on the record, and not by a jury, either affirm and award a *procedendo*, or render final judgment and award execution.

Perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*