WILBORNE *v.* THE STATE, 8 Smedes & Marshall, 345.

### GRAND LARCENY.

Grand larceny in this state consists in the stealing, taking, and carrying away of any property of greater value than twenty dollars, and where a prisoner has been indicted in two counts, each charging this offense, the verdict of the jury finding him guilty, generally, without specifying the value of the stolen property, will be sufficient to warrant a sentence and judgment for the offense of grand larceny; although the jury *might*, under the indictment, have found a verdict for *petit* larceny.

Error to the circuit court of Monroe county.

Ephraim E. Wilborne was indicted for grand larceny; the indictment contained two counts; the first charged him with feloniously stealing, taking, and carrying away, one gray mare, value seventy dollars; saddle, value ten dollars, money, bank-

notes, and other articles. The second count charged him with stealing, etc., one promissory note for $2,200, etc.

The verdict of the jury was as follows: "We the jury find the defendant guilty." The defendant moved in arrest of judgment, but it was overruled, and the prisoner was sentenced to a term of five years in the penitentiary. To the ruling and action of the court exceptions were taken and made part of the record.

*Coopwood & Herbert* for plaintiff in error.

1. The punishment annexed to the crime of grand larceny is imprisonment in the penitentiary. H. & H. Dig., 709, sec. 63. That for petit larceny may be for a shorter term in the penitentiary, or in the county jail, and fine, etc. Ib., 722, sec. 21. Prior to the passage of the penitentiary code, the punishment of the former was whipping and the pillory; of the latter, whipping only. Ib., 666, sec. 13.

We thus perceive that a clear and well-defined distinction is drawn, not only by the common law, (4 Black. Com., 237,) but by our legislature by positive enactment. These distinctions existing in the description of the two offenses, and in the punishment annexed to each, it is important that the court, who is to pronounce the sentence of the law, should be clearly advised by the finding of the jury, of the particular grade of the offense, to enable it to apply or annex the proper punishment.

2. But the indictment contains two counts, and the court below, from the finding of the jury, was not informed, nor can this court now be informed, by that finding, to which of the two counts the verdict was intended to be applied. The fact that each count contains allegations sufficient, if proved, to sustain the verdict, can make no difference, because the law, not dealing in vague generalities, requires, in highly penal cases like this, at least reasonable certainty. This is important to the prisoner in view of his liability for the value of the property alleged to have been stolen. His liability would certainly be less, if the verdict pointed to the first count, than if it referred to the second. As the verdict stands, he is liable for the property described in both counts.

3. The verdict of the jury should have found the value of the separate articles charged in the indictment to have been stolen,

in order that the court could render judgment that defendant return the articles, or pay the value thereof to the owner.

*John D. Freeman,* attorney general.

There is no bill of exceptions, and no statement of the evidence. The finding of the jury is not questioned on the evidence, and the finding being general, the presumption of law is that defendant stole all the articles mentioned in the counts. The indictment does not, as assumed by counsel, contain two grades of offense. It is true there are various articles of different values charged to be stolen, but the taking, as it occurred at the same time and from the same person, constituted but one larceny. The jury might have found the value of the articles charged to have been stolen of less value than twenty dollars, if the testimony had justified it; but in the absence of the evidence, the finding of the jury making the offense grand larceny will be presumed to be correct.

THACHER, J.:

This was an indictment for larceny, preferred in the circuit court of Monroe county. The indictment contained two counts, the first for the larceny of a gray mare of the value of seventy dollars, a saddle of the value of ten dollars, a bridle of the value of one dollar, a saddle-blanket of the value of one dollar, ten dollars in specie, and a bank-note for ten dollars; the second count was for the larceny of a promissory note for the sum of twenty-two hundred dollars. The jury found a verdict of guilty; without assessing any value to the property or any portion of it charged to have been the subject of the larceny. The ground of error taken is, that the verdict is too vague and uncertain, upon which to predicate a judgment.

The statutes of this state make a distinction between grand and petit larceny, accordingly as the value of the property alleged to be stolen be over twenty-five or under twenty dollars, and in regard to the kind and amount of punishment. H. & H., 666, § 13; ibid., 709, § 63; ibid., 722, § 21.

The jury in this case found a general verdict of guilty upon an indictment containing two counts, both charging grand larceny. This was sufficient to warrant a sentence and judgment

for the crime of grand larceny, although it be true the liberty remained with the jury, under the indictment, to have found a verdict of petit larceny, or guilty of feloniously taking and stealing and carrying away property, under the value of twenty dollars. 1 Chit. Cr. L., 640; Poindexter v. The Commonwealth, 4 Rand. R., 668.[1]

Judgment affirmed.

[1] See State v. Summerville, 8 Shep., 20; Jones v. State, 13 Ald., 153; State v. Smart, 4 Rich, 356. But see Ray v. State, 1 Greene, 316; Sawyer v. People, 3 Gilman, 513; Highland v. People, 1 Scam., 392; Gilbert v. Steadman, 1 Root, 403; Locke v. State, 32 N. H. R., 106.