## CHARLES COOK *v.* THE STATE.

1. LARCENY—VERDICT OF THE JURY.—C. was indicted and convicted on an indictment charging him with stealing one cow of the value of $70. The jury returned a verdict in these words: "We the jury, find the defendant guilty as charged in the indictment." *Held:* That the verdict was not defective in omitting to include the value of the property, and that the court did not err in passing judgment of sentence on the defendant.

. 2. SAME—CASE IN JUDGMENT.—A general verdict of guilty, is a finding upon all the material averments in the indictment, including (in larceny) the value of the property charged to be stolen.

Error to the circuit court of Hinds county. Hon. GEO. F. BROWN, Judge.

The opinion of the court contains a sufficient statement of the facts in the case.

The following errors are assigned:

1st. The court erred in overruling the motion made by defendant in the court below for a new trial.

2d. The verdict of the jury was uncertain and informal, and the court erred in pronouncing judgment thereon.

3d. The judgment of the court is a nullity, on its face, and not susceptible of being enforced.

For these errors committed by the court below, defendant asks the court to reverse their cause and award to him a new trial herein.

*C. E. Hooker*, for plaintiff in error:

This case presents but a single question, and that is: That the jury failed to find the *value of the property* alleged to be stolen.

This court has held in several cases, that this is necessary in order to enable the court to pronounce judgment and determine whether the offense is grand or petit larceny. See Shines' case, 42d Miss. Rep., 331; Unger's case, 42d Miss. Rep. 642.

*W. T. Deason*, for the State:

The only question to be decided is the sufficiency of the verdict, which is general, and finds the defendant "guilty as charged in the indictment." If the jury find that the defendant is guilty of stealing the property alleged in the indictment to have been stolen, they certainly mean that the property is of the value as charged. See 2 Bishop on Criminal Procedure, 719–724, and notes; Wilborn v. the State, 8 S. & M., 345; Commonwealth v. Stebbins, 8 Gray, (Mass.) 492.

TARBELL, J., delivered the opinion of the court:

At the May term, 1872, of the Hinds county (first dist.) circuit court, the plaintiff in error was indicted, tried and convicted of the crime of larceny. The indictment charges the accused with feloniously taking and carrying away one cow, the property of W. Wishart, of the value of seventy dollars.

The following is the verdict returned by the jury: "We the jury, find the defendant guilty as charged in the indictment."

There was a motion for a new trial, which was overruled, and thereupon a writ of error.

By the instructions of the court to the jury, the motion for a new trial and the assignment of error, this case turns upon the question, whether the verdict is defective in omitting to include the value of the property. Reference is made to Unger v. the State, 42 Miss., 643; Shines v. the State, ib., 331; and Thomas v. the State, 5 How., 32; and upon these

cases the plaintiff in error relies for a reversal of the judg-
ment against him in the court below.

In the first case named, Unger was indicted for the larceny
of two bales of cotton, the property of D. W. Humphreys.
The indictment contained no averment of the value of the
cotton.      During the trial, the indictment was amended,
changing D. W. to D. G. Humphreys.      And there was a gen-
eral verdict of guilty.      On error, the arguments of counsel
were devoted solely to the question raised by the amend-
ment of the indictment.

It is true, it is stated in the opinion of the court, that " the
verdict should fix the value of the property stolen," but this
point does not appear to have been made, and it was not
necessarily involved, because it appears that there was " *no
evidence given to the jury of the value of the property*,"
and this was of itself fatal to the verdict.

Shines' case was this: Shines was indicted for the larceny
of "two yearling calves, of the value of fifteen dollars each,
and in the aggregate of thirty dollars in value."      The jury
returned a verdict of "guilty as charged in the indictment."
A motion for a new trial was overruled and this judgment
was entered, namely : "A jury of good and lawful men hav-
ing found the defendant, William Shines, guilty as charged
in the bill of indictment, it is ordered by the court that a
verdict of petit larceny be entered upon the minutes."
Clearly, the judgment was wholly unauthorized by and at
variance with the indictment and verdict.      But, while the
indictment alleged the value of the property stolen to be
thirty dollars, the proof, as embodied in the bill of excep-
tions, discloses the fact, that Shines "stole a yearling calf of
the value of from five to seven dollars, and this established
his right to a new trial, but the learned judge who delivered
the opinion of the court, proceeded to declare the general
rule, that in cases of larceny, it was the duty of the jury "to
fix the value of the property stolen ; and whether it was
grand or petit larceny ;" a rule not naturally or legally arising
out of the case.

Thomas v. State, *supra*, was an indictment for burglary. While the case was pending the legislature passed an act defining three degrees of this crime and fixing the penalty of each. Notwithstanding this statute, which was in force at the time of the trial, there was a general verdict of guilty, followed by a sentence of death, though the above statute substituted confinement in the penitentiary for that of death under the laws in force at the time of finding the indictment. An inspection of that statute, shows that sentence could be pronounced only upon a verdict fixing the grade or degree of crime. Yet, counsel barely suggests this point, and the court devotes only a few lines to it, at the close of an opinion of considerable length upon the numerous other questions of a serious character presented, in the record. The court say, " The act of 1839, which was in force when the judgment was rendered in the court below, alters the penalty of this offense, and for the capital punishment under the old law, substitutes confinement in the penitentiary of the State for a longer or shorter period, according to the degree in which it has been committed. The statute defines three degrees of this crime, by particularly declaring the circumstances which constitute either the one or the other, and before any judgment can be pronounced, it must be ascertained by verdict in which of these degrees the defendants are guilty." A reference to the report of that case, and to the statute, (Hutch. Code, 962,) shows that it can not constitute a precedent for the case at bar, for the two are without analogy, or principle in common.

These are the only adjudications in our own courts which are or can be claimed in support of the rule sought to be adopted by the plaintiff in error, and it will be seen that they fall short of establishing the result claimed for them.

The decisions of the courts of other States have been looked into and it is found, that those cases of larceny requiring the verdict to fix the value of property stolen are based on local statutes.

Dick v. The State, 3 Ohio 11, 89, has been cited in sup-

port of the doctrine invoked by the plaintiff in error, but that case was simply this : Dick was indicted for murder in the first degree. The verdict was a general one of guilty as charged in the indictment. Judgment and sentence accordingly. This judgment was reversed on error, because a statute of that State peremptorily required, "that in all trials for murder, the jury, before whom such trial is had, if they find the prisoner guilty thereof, shall ascertain *in their verdict,* whether it be murder in the first or second degree, or manslaughter." The question exclusively discussed by the court, was, whether this statute was mandatory or directory. A majority of the judges held it to be mandatory. Ranney and Thurman, dissented. In the whole case, there is not one word applicable to the question under review.

Upon a full consideration of this subject, and a reference to numerous adjudications, Mr. Bishop, (Cr. Pr., vol. 2, § 719,) says: "Growing, perhaps, in part, out of legislation," of a special character, such as where judgment and execution are awarded against the defendant; where treble the value of the property is awarded the owner, etc., as specified by this author, in ib. § 718, " there is, in some States, pertaining to the verdict convicting the defendants of larceny, a doctrine of very exceptional nature. In all ordinary criminal cases, if the jury bring in a simple verdict of guilty, in the manner already described, (ib., vol. 1 § 829,) this is a conviction of everything which is well charged in the indictment. Thus, applying the doctrine to larceny, a general verdict of guilty finds that the defendant stole every article which the indictment specifies. (State v. Somerville, 21 Me., 20.) It finds, also, that the several articles are of the value which the indictment mentions. (8 S. & M., 345; 4 Rich., 356 ; 8-Gray, 492 ; 6 Rand., 667 ; 2 East. P. C., 516; ib. 518.) But, contrary to this general doctrine, the courts of some of our sister States, either from local reasons peculiar in those States, or from some misapprehension of the true effect of a general verdict of guilty, have held it to be necessary for the jury to find, in special words, what is the value

of the property stolen, in cases, of course, where the sentence depends upon the value." 32 N. H., 106 ; 1 Scam., 392; 1 Green, Iowa, 316 ; 1 Root, 403.

The reason for this exceptional doctrine is stated in 1 Scam., 392, as follows: ".The value of the articles charged to have been stolen may not have the value alleged, and the proof may not have shown that all were stolen; and as some were of small and others of greater value, the jury might have been satisfied of the guilt of the prisoner, on the proof of any one having been stolen. The guilt might have been confined to one of less value than five dollars; and, if so, the sentence could not stand."

Applying this reason to any other part of the indictment, the result will be the same. The jury *may* have acted on insufficient evidence relating to this or some other charge; but, if the verdict is, therefore, to be deemed wrong as to these several particulars, then there can be no general verdict, but all must be special. "The refinement thus introduced into the law," says Mr. Bishop, "is not to be commended." Ib., § 720.

On the other hand, in Alabama, where a statute expressly requires the jury to find the value specially, it has been held that, if the jury omit to comply with the statutory direction, the irregularity is not one of which the prisoner can complain. "It has no effect," say the courts, "upon his guilt or innocence, but is only important as it relates to the restitution of the property stolen. That he is not required to restore the property, or that the jury have not, by their verdict, furnished the party aggrieved, by reason of the larceny, with the means of obtaining judgment under the statute for the value of the property against the prisoner, is certainly no injury to him; and, not having been injured, he cannot complain." 13 Ala., 153; 26 ib., 17; 2 Bish. Cr. Pr., § 721. A conclusion drawn by Mr. Bishop, ib. § 722, is, that the value, as charged in the indictment, will be more or less material according to what it is, and what is the condition of the law; and it follows, as a corrollary, that, in the consideration of

the decisions of the courts of the several States, the provisions of their respective statutes must be particularly noted. Ib., § 724.

The English rule, it is not proposed to discuss or deduce, beyond a mere reference to the general practice in that country. Chitty says (Cr. L., vol. 1, p. 636,) that the "verdict is either general to the whole of the charge—partial as to part of it—or special, where the facts of the case alone are found, and the legal inference is referred to the judges." There is, or was, also, the privy verdict, and a general verdict, reserving a special case for the opinion of the judges. Archbold says: "The verdict in a criminal case is either *general* on the whole charge (which the jury are at liberty to find in all cases, both upon the law and the facts of the case); Co. Lit., 228; 4 Bl. Com., 361; or *partial*, as to a part of the charge (as, where the jury convict the defendant on one or more counts of the indictment, and acquit him of the residue), or convict him on one part of a divisible count and acquit him as to the residue; or *special*, where the facts of the case alone are found by the jury, the legal inference to be derived from them being referred to the court."

It is the right of the jury to bring in a general verdict of guilty or not guilty, instead of rendering a special verdict. Rex v. Allday, 8 Car. & P., 136; 1 Ch. Cr. L., 637. And it is well settled that on an indictment containing several counts, setting out different grades of the same offense, a general verdict of guilty is a conviction of the highest grade stated in the indictment.

So, when the indictment is in several counts, some of which, are good and others bad, and there is a general verdict of guilty upon the whole, it is the clear uniform American doctrine that this will sustain a jugdment and sentence as for so much of crime as the indictment adequately sets out. 1 Bish. Cr. Pr., § 841, and cases there cited.

And it is believed to be not less well settled, as a general rule, that a simple verdict of guilty in all criminal cases is an affirmative finding upon all the material averments of the bill.

In this connection, it may be neither uninteresting nor immaterial, to quote two paragraphs from Archbold's Cr. Pr. and Pl.: "Formerly, the stealing of goods, etc., of the value of twelve pence, or under, was only petty larceny; above that was deemed grand larceny; and in the indict‑ment, therefore, it was necessary and material to show the value of the articles stolen; and the value of cash, alleged to be stolen, was stated, that, in case the jury should find the defendant guilty of stealing one of them only, the offense might appear upon the record to be grand larceny. But the dis‑tinction between grand and petty larceny was abolished by stat. 7 and 8, G. 4, c. 29, § 2; since which, it does not ap‑pear to have been necessary to state or prove the value of the article stolen, and I therefore omit it from the indict‑ment." 1 Car. & K., 725.

"By stat. 14 and 15, Vic., c. 100, § 24, however, no in‑dictment shall be deemed insufficient for want of the state‑ment of the value or price of any matter or thing, in any case where it is not of the essence of the offense." Arch‑bold, Cr. Pr. and Pl., vol. 2, pp. 384, 385.

Taken in connection with previous reference to the Eng‑lish practice, the first part of the former of these two para‑graphs, renders it somewhat certain, that a general verdict of guilty, in larceny, is sufficient, in that country, without finding, also, the value of the property stolen. Together, these references serve to show the difficulty of an exact un‑derstanding of the English practice, without personal knowl‑edge or practical experience. And, in view of exceptional legislation, as is shown, even in England, as well as in some of the States of the Union, it is with some pride that the remark is now made, that the laws of Mississippi have been hitherto so wisely devised, as to be expounded by a resort to the *principles* out of which all this legislation has sprung. Indeed, the decisions upon the local statutes herein referred to are an admonition of the importance of looking carefully to the *reason* upon which all rules are based.

But the question under consideration has been distinctly adjudicated by our predecessors. In Wilborn v. The State, 8 S. & M., 345, the indictment was for the larceny of several articles, specifying the value of each, and the jury returned a general verdict of guilty, without fixing the value of the property. On this point, the case was decided by the appellate court. After stating the case, and quoting the statutes defining grand and petit larceny, the opinion concludes thus: " The jury in this case found a general verdict of guilty upon an indictment containing two counts, both charging grand larceny. This was sufficient to warrant a sentence and judgment for the crime of grand larceny, although it be true the liberty remained with the jury, under the indictment, to have found a verdict of petit larceny or guilty of feloniously taking and stealing and carrying away property under the value of twenty dollars." In support of this ruling, the learned judge who delivered the opinion, cites 1 Ch. Cr. L., 640; and Poindexter v. the Commonwealth, 4 Rand. 668.

The same doctrine is understood to be announced in State v. Somerville, 21 Me., 20; Manly v. the State, 7 Md., 135; Com. v. Stebbins, 8 Gray, 492; etc., etc. Indeed, the last case named is directly in point, and Metcalf, J., who delivered the opinion, cites Foster v. Jackson, Hob. 54; 2 Gabbett Cr. L. 529; 1 Ch. Cr. L. 646.

Referring to 1 Ch. Cr. L. 636, 639, note, 647; 2 Am. Cr. L., 362, 612, 613, 1837, 1839; 3 ib., 3047, 3049; 2 Archbold, 356, *value;* ib., 372, *verdict;* the correct rule in the case at bar, as in all criminal cases, is believed to be, that a general verdict of guilty is a finding upon all the material averments of the bill of indictment, including, in larceny, the value of the property charged to be stolen.

Thus much has been said upon this subject, in consequence of doubts which appear to exist in this State with reference to the rule discussed.

Judgment affirmed.