JOHN THOMPSON *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa June 16, 1888.*

1. CRIMINAL LAW—*several counts for the same offense.* The joinder of several counts in one indictment for the purpose of stating in different ways a single offense occurring in the same transaction, is allowable, and such joinder is no ground for quashing the indictment.

2. SAME—*joining counts for distinct offenses.* The fact that two distinct offenses are joined in separate counts in the same indictment, or two defendants are tried for separate offenses, affords no ground for the arrest of judgment after verdict. In such case the defendants should plead in abatement, or move the court for separate trials. If this is not done, and the evidence is not preserved in the record, it will be presumed that the evidence justified the verdict.

3. SAME—*verdict finding the value—in case for receiving stolen goods.* On the trial of one for receiving stolen goods, in case of a conviction the jury must find in their verdict the value of the property, or the judgment will be arrested.

4. BILL OF EXCEPTIONS—*presumption in its absence.* Where the bill of exceptions shows only the instructions given and refused, and the rulings thereon, it will be presumed that the rulings of the trial court upon every point of practice not embraced in a motion to arrest the judgment and the rulings upon the instructions, was correct.

5. So unless the evidence is preserved in the record, this court can not pass upon the correctness or propriety of the instructions given.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. DONAHOE & DAVID, for the plaintiffs in error:

The law is well settled, that where two or more persons are jointly indicted, one can not be convicted of one part of the offense, and the other of another part committed at a different time, and not forming part of the same transaction. *Tobin* v. *People,* 104 Ill. 565.

In *Baker* v. *People,* 105 Ill. 456, this court say: "Under an indictment against two or more, two can not be convicted

jointly for distinct offenses, though of the kind charged in the indictment, committed by them severally, and growing out of separate transactions." See, also, *Rex* v. *Hempstead*, R. & R. C. C. 344; *Rex* v. *Messengham*, I. M. C. C. 257; 1 Chitty's Crim. Law, sec. 271; *Regina* v. *Gray*, 2 Den. C. C. F. & M. 411; Wharton's Crim. Pr. and Pl. secs. 302, 315, 755, 874; 4 Cox's C. C. 478; *Stevens* v. *State*, 14 Ohio, 386; *Farrel* v. *State*, 3 Ind. 573; *Hall* v. *State*, 8 id. 439; *United States* v. *Kazinski*, 2 Sprague, 7; *Elliott* v. *State*, 26 Ala. 78; *Howe* v. *State*, 37 Ga. 80.

We do not think any further discussion on this branch of the case is necessary, but might say in this connection that Thompson was sentenced for an infamous crime, whilst Showles was sentenced for a crime not infamous.

Another reason why the judgment can not stand, is, because the verdict against Showles is clearly defective, inasmuch as it does not state the value of the property received by him. This is clear error. *Tobin* v. *People*, 104 Ill. 565; *Sawyer* v. *People*, 3 Gilm. 54.

Mr. GEORGE HUNT, Attorney General, for the People:

It is proper to join in one indictment counts charging a burglary and counts charging the receiving of stolen property. *Bennett* v. *People*, 96 Ill. 602; *Commonwealth* v. *Darling*, 129 Mass. 112; *Lyons* v. *People*, 68 Ill. 271; *Hiner* v. *People*, 34 id. 297; *Tobin* v. *People*, 104 id. 565.

Different offenses may be charged in different counts of an indictment; but an improper joinder of felony and misdemeanor, like other misjoinder of counts, does not render the indictment bad in law, but is only to be corrected by an exercise of the judicial discretion. Motion in arrest of judgment does not lie for this defect. 1 Bishop on Crim. Proc. sec. 447.

A prosecutor may be required to elect on which count he will proceed, but after verdict it is too late to raise objection.

17—125 ILL.

1 Bishop on Crim. Proc. sec. 449, note 3, and cases cited, and sec. 473.

Where an indictment charges different offenses in different counts, and of different grades of punishment upon a general verdict of guilty, judgment will not be arrested. *United States* v. *Patterson,* 1 W. & M. 305; *Regina* v. *Jones,* 8 C. & P. 776; *Rex* v. *Galloway,* 1 Moody's C. C. 234; *Burk* v. *State,* 2 H. & J. 426; *State* v. *Coleman,* 5 Port. 32; *State* v. *Fee,* 19 Wis. 591. And especially will judgment not be arrested when the jury have specified in their verdict the count upon which defendant was found guilty. *United States* v. *Stetson,* 3 W. & M. 164.

If one person breaks and enters a building, and steals therein, and another person takes no part in the transaction until after the breaking has been accomplished, but participates in the subsequent stealing, each may be convicted and sentenced accordingly,—the one for the breaking and entering, and the other for stealing,—under an indictment which charges both defendants with having jointly committed both offenses. (Starkie's Crim. Pl. secs. 38-44; *Rex* v. *Butterworth,* Russ. & Ry. 520.) Or they may be separately charged in one indictment according to the actual facts in the case,—the one with breaking and entering and stealing, and the other with stealing, only, or with receiving the goods stolen. *Rex* v. *Hartall,* 7 C. & P. 475; *Rex* v. *Austin,* id. 796; *Commonwealth* v. *Hills,* 10 Cush. 530.

Counsel for plaintiff in error also complain that the verdict is defective, inasmuch as it does not state the value of the property received. In support of this, they cite *Tobin* v. *People,* 104 Ill. 565, and *Sawyer* v. *People,* 3 Gilm. 54. The statute in force when the case of *Sawyer* v. *People* was decided, differed materially from the present statute, and that case is not necessarily decisive of the question under the statute as it now is.

As the evidence is not preserved, the court can not determine whether there was error in the instructions, or such error as to require a reversal.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

An indictment was returned by the grand jury of Cook county against John Thompson, E. M. Showles and Harry Stillman. The indictment contained three counts. The first and third were for burglary and larceny, and the second was for receiving stolen goods. The defendants severally pleaded not guilty. On trial, in the Criminal Court of Cook county, the jury returned the following verdict:

"We, the jury, find the defendants John Thompson and Harry Stillman guilty of burglary, in manner and form as charged in the indictment, and fix their punishment at imprisonment in the penitentiary for the term of eight years each. We, the jury, also find the defendant E. M. Showles guilty of receiving stolen property, in manner and form as charged in the indictment, and fix his punishment at imprisonment in the penitentiary for the term of two years."

Motion for new trial was made by the defendants, and allowed as to Stillman, but overruled as to the other defendants. They then moved in arrest of judgment, but the court overruled the motion and entered judgment upon the verdict.

The judgment as to Showles can not be sustained. Our statute provides, that "every person who, for his own gain, * * * shall buy, receive or aid in concealing stolen goods * * * or property obtained by burglary, * * * knowing the same to have been so obtained, shall be imprisoned in the penitentiary not less than one nor more than ten years; or if such goods or other property or thing does not exceed the value of $15, he shall be fined not exceeding $1000, and confined in the county jail not exceeding one year." It is, therefore, necessary in such cases, that the jury shall find the value of the property, otherwise it can not be known that they have rendered a proper verdict. *Tobin* v. *The People*, 104 Ill. 565; *Sawyer* v. *The People*, 3 Gilm. 53.

The question next presented is, whether the judgment can be sustained as to Thompson. We are to assume, from this

verdict, that these parties were not jointly guilty under either count. Does, then, the fact that they are guilty of distinct offenses, though, it may be, arising out of substantially the same transaction, nullify each conviction? The joinder of these counts, for the purpose of stating, in different ways, a single offense occurring in the same transaction, was allowable, and the indictment could not have been quashed for that reason. (*Lyons et al.* v. *The People,* 68 Ill. 271; *Tobin* v. *The People, supra.*) The offense was several, and one might therefore have been found not guilty, and the other guilty. *Baker* v. *The People,* 105 Ill. 452.

The bill of exceptions before us shows only the instructions given and refused, and the rulings thereon. The presumption, therefore, is, that the ruling of the court upon every point of practice not embraced in the motion to arrest and the rulings upon instructions, was correct. *Gill* v. *The People,* 42 Ill. 321; *Earll* v. *The People,* 73 id. 329; *Holmes* v. *The People,* 5 Gilm. 478.

There was no plea in abatement—no motion that the parties be tried separately. We must suppose that the evidence sustained the verdict, and that no objection was urged that evidence was admitted which was applicable to the one but which was not applicable to the other defendant; for, until the contrary be shown, it will be presumed that the court decided correctly. *Indianapolis and St. Louis Railroad Co.* v. *Miller,* 62 Ill. 468.

The rule, then, applicable here, is thus stated by BULLER, J., in *Young et al.* v. *The King,* 3 T. R. 106: "On the face of an indictment every count imports to be for a different offense, and is charged as at different times. And it does not appear on the record whether the offenses are or are not distinct. But if it appear, before the defendant has pleaded or the jury are charged, that he is to be tried for separate offenses, it has been the practice of the judges to quash the indictment. * * * But these are only matters of prudence and discretion. If the

judge who tries the prisoner does not discover it in time, I think he may put the prosecutor to his election on which charge he will proceed. * * * But if the case has gone to the length of a verdict, it is no objection in arrest of judgment. If it were, it would overturn every indictment which contains several counts. So where the evidence affects several prisoners differently, I have, as was done by Mr. J. Yates, at Hereford, selected the evidence as applicable to each, and left their cases separately to the jury. * * * But all these are mere matters of discretion, only, which judges exercise in order to give a prisoner a fair trial, for when a verdict is given, they are not the subject of any objection to the record."

Objections are urged to certain instructions given in behalf of the People; but it is impossible to say, unless the evidence were before us, whether these objections are tenable. An instruction is to be determined solely with reference to the issues and the evidence before the court. It may lack in fullness and accuracy of definition, yet if the respect wherein it thus lacks is impertinent to anything before the court, it will be unimportant. An instruction may be very inaccurate as an abstract definition, yet entirely accurate in its application to the question to be passed upon by the jury; and so, on the other hand, it may be entirely accurate as an abstract definition, yet misleading, and therefore erroneous, if applied to the question to be passed upon by the jury. Moreover, a case may be so clear, under the evidence, that we can see that no other verdict could have been rendered than that which was rendered by the jury, and in such case we always refuse to reverse for mere error in the instructions.

The judgment is affirmed as to Thompson, but as to Showles the judgment is reversed, and the cause is remanded for a new trial.

*Judgment reversed in part and in part affirmed.*