STATE v. KELLIHER.

[50 Pac. 532.]

1. INDICTMENT—ALLEGATIONS OF VALUES—LARCENY.—An indictment for larceny need not state the aggregate value of the several articles alleged to have been stolen, where the mention of each specific article is followed by an allegation of its value.

2. LARCENY—VERDICT—FINDING AS TO VALUE.—On a trial for larceny the verdict need not state the value of the property stolen, a general verdict of guilty being equivalent to a finding that defendant stole all the articles mentioned in the indictment, and that their values are as alleged, or at least that the aggregate value is sufficient to constitute the crime charged: *Howell* v. *State*, 1 Or. 242, followed.

From Multnomah: THOS. A. STEPHENS, Judge.

Con Kelliher was convicted of larceny and appeals. At defendant's request the court appointed counsel to defend him, and they served without compensation.

AFFIRMED.

For appellant there was an oral argument by
*Mr. Geo. J. Cameron*, with a brief over the names of
*Messrs. Cameron* and *William A. Williams* to this ef-
fect:

Under our statutes there are two grades of lar-
ceny, and there is nothing in the general verdict
of guilty to indicate which of them the jury con-
sidered him guilty of. The verdict should have
stated the value of the property which was stolen
by the defendant, so that the court could determine
the degree of larceny: *Loch* v. *State*, 32 N. H. 106;
2 Wharton's Criminal Law, § 1868; *Highland* v. *Peo-
ple*, 1 Scam. (Ill.) 391; *Ray* v. *State*, 1 Green (Iowa),
316; *State* v. *Redman*, 17 Iowa, 329; *State* v. *Wood*, 34
N. W. 606; *Thompson* v. *People*, 125 Ill. 256; *Collins*
v. *People*, 39 Ill. 233; 12 Am. & Eng. Enc. Law (1st
Ed., 884.

ON MOTION FOR REHEARING.

We still maintain that an indictment, to support
a verdict of grand larceny, must allege in so many
words that the goods were of the value of more
than $35.00. We claim that it is not the province
of the court to figure up by "mathematical calcula-
tion," or otherwise, in a criminal action the value
of the property stolen, as that is a question of fact
to be determined by the jury, and it determines the
degree of the crime. For instance, in this case the
state was unable to show that the defendant took
all the articles named in the indictment, so how
could the court figure up the values, as the articles
that the jury thought he did take were not enum-

32 Or.—16.

erated. The judgment does not show that the court found any value at all. In the California and Mississippi cases cited in the opinion the charge was "grand larceny," while here it was only "larceny," and the verdict was "guilty as charged in the indictment." And in the other cases cited the aggregate value was set forth, except the one from Maine where this question was not involved at all.

The indictment should allege the value of the property stolen, so as to show whether the offense was grand or petit larceny: 1 McLain on Criminal Law, § 586; *Davis* v. *State,* 40 Ga. 229; *State* v. *Pedigo,* 71 Mo. 443; *Pittman* v. *State,* 41 Tex. App. 576; *Reg.* v. *Gamble,* 16 M. & W. 384.

For the state there was a brief over the names of *Chas. Freeman Lord,* district attorney, and *Dan. J. Malarkey,* with an oral argument by *Mr. Cicero M. Idleman,* attorney-general, and *Mr. Malarkey.*

MR. JUSTICE BEAN delivered the opinion.

The defendant was convicted of the crime of larceny, and sentenced to the penitentiary for the term, of ten years. The indictment under which the conviction was had charged him with having feloniously stolen divers and sundry articles of merchandise, the items thereof being specifically described, and their value alleged; but although the several values, as stated, aggregate more than $35, it contained no allegation to that effect. The jury returned a verdict of guilty as charged in the indictment. There is no bill of exceptions in the record, and the only question for consideration is

whether the indictment and verdict will support the judgment.

1. It is first contended that the indictment is insufficient because it does not contain an allegation of the aggregate value of the property alleged to have been stolen. But this was unnecessary. In an indictment for the larceny of several articles, it is the usual and manifestly the better practice to add the allegation of value to each specific article, or, if there are several articles of a kind, what is practically the same thing, to aver their number, each of a given value, because in such case the state is not bound to prove the larceny of all the articles as laid, in order to secure a conviction, as would be the case under an indictment alleging simply their aggregate value: 2 Bishop's New Criminal Procedure, § 714; *Commonwealth* v. *Lavery*, 101 Mass. 207. It is quite true that under a statute like ours, where the punishment is greater or less according as the thing stolen is above or below a certain value, the indictment should show to which class the case belongs: 1 Bishop's New Criminal Procedure, § 488*b*. But this requirement is satisfied when an allegation of value is added to each specific article, for it is but a mere mathematical calculation to determine their aggregate value.

2. It is next claimed that the verdict is insufficient because it does not state the value of the property stolen. But it was early held in this state that, on an indictment for stealing property of a specified value, it was not necessary for the jury to

assess the value in their verdict: *Howell* v. *State*, 1 Or. 242. And this is in harmony with the great weight of authority. A general verdict of guilty affirms the truth of all the material allegations of the indictment, including that of value, so far as the same is material; and, therefore, on a charge of stealing several articles of specified values, such a verdict is a finding that the defendant stole all of them, and that their several values were as averred, or at least that their aggregate value is sufficient to constitute the crime charged: 2 Bishop's New Criminal Procedure, § 764; *State* v. *White*, 25 Wis. 359; *Schoonover* v. *State*, 17 Ohio St. 294; *Cook* v. *State*, 49 Miss. 8; *Smith* v. *State*, 60 Ga. 431; *State* v. *Soule*, 20 Me. 19; *People* v. *Whitely*, 64 Cal. 211 (27 Pac. 1104); *People* v. *Manners*, 70 Cal. 428 (11 Pac. 643); *People* v. *Perez*, 87 Cal. 122 (25 Pac. 262); *Commonwealth* v. *Butler*, 144 Pa. St. 568 (24 Atl. 910). A different rule seems to obtain in Iowa and Illinois, as a result, probably, of an early decision of the courts of the latter state: *Highland* v. *People*, 1 Scam. 392; *Sawyer* v. *People*, 3 Gilman, 53; *Collins* v. *People*, 39 Ill. 233; *Thompson* v. *People*, 125 Ill. 256 (17 N. E. 749). But these decisions are not regarded as authority elsewhere, and are contrary to the rule announced in *Howell* v. *State*, 1 Or. 242. It follows that the judgment must be affirmed, and it is so ordered.

AFFIRMED.