### BRYANT LEMON v. STATE OF MISSSSIPPI.

### [49 South. 515.]

·CRIMINAL LAW AND PROCEDURE. *Larceny. Grant and petit. Verdict. Sufficiency. Failure of find value of goods.*

> A verdict finding the defendant "guilty as charged in˙ the second count in the indictment," that count being for grand larceny and the first one for robbery, is not defective because under the count defendant could have been convicted of petit larceny and the verdict failed to specifically find the value of the property stolen.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Lemon, appellant, was indicted in the court below; the first count of the indictment charged him with robbery and the second count with grand larceny; he was tried and convicted of grand larceny, the verdict finding him "guilty as charged in the second count of the indictment," but it did not specifically find the value of the property stolen. After sentence the de-:fendant appealed to the supreme court.

*E. M. Barber,* for appellants.

In *Shines v. State,* 42 Miss. 331, we find these words: ·"Under an indictment for grand larceny, if the jury find the ·defendant guilty they must also find the value of the property ·feloniously taken." Mr. Justice JEFFORDS, in delivering the ·opinion of the court in that˙case˙ said: "It was the duty of the ˙jury to find whether an offense had been committed, and if so, to find the value of the property stolen, and whether it was grand or petit larceny." The judgment was ·reversed and the ·case remanded.

The verdict of the jury there was almost in the words of the ˑverdict of the present case.

*George Butler,* assistant attorney-general, for appellee.

The second count in the indictment is a perfect charge of grand larceny and the jury by their finding have convicted appellant of this offense. Mr. Bishop, speaking of a form of verdicts says: "that any expression which to the common understanding conveys the complete idea meant will suffice, thus if the counts are numbered the verdict may be guilty on specified numbers." 1 Bishop, Criminal Procedure, secs. 1005–1010. So that appellant cannot complain of the form of the verdict. It was a perfectly good verdict as returned and needs no modification or correction of any kind.

Argued orally by *E. M. Barber,* for appellant, and by *George Butler,* assistant attorney-general, for appellee.

SMITH, J., delivered the opinion of the court.

This is an appeal from a conviction of grand larceny. The indictment contained two counts; the first charging robbery and the second charging grand larceny. At the close of the evidence the court instructed the jury to find the defendant not guilty of robbery, and the case went to the jury on the second count, charging grand larceny. This instruction of the court renders it unnecessary for us to notice the matters complained of with reference to the first count in the indictment.

The verdict of the jury was in the following language: "We, the jury, find the defendant guilty as charged in the second count in the indictment"—on which judgment was entered sentencing the defendant to a term of years in the penitentiary. This verdict is objected to on the ground that it fails "to show with what crime the jury found the defendant guilty." The argument is that, since under an indictment for grand larceny the defendant could have been convicted of petit larceny and there was evidence on which the jury could have found him guilty of petit larceny, it was necessary for the jury to find the value of the property, so that it might appear of which offense

the defendant was convicted. This question, however, was decided adversely to appellant in *Cook v. State*, 49 Miss. 8, and is no longer open for discussion.

It is unnecessary to notice the objections made to matters occurring in the courtroom with reference to the form of the verdict at the time the same was returned by the jury, for the reason that the verdict was entered as reported by the jury.

We find no error in the other matters complained of, and, as the verdict was warranted by the evidence, the judgment of the court below is affirmed.