Argued October 8, affirmed November 12, rehearing denied December 3, 1918.

## STATE *v.* SHUSTER.

(175 Pac. 862.)

**Criminal Law—Verdicts—Degree of Offense.**

1. Generally a verdict of guilty need not specify the degree of crime of which defendant is convicted; a verdict of guilty as charged in the indictment finding the defendant guilty of highest degree therein charged.

**Embezzlement—Verdict—Amount of Money.**

2. Verdict finding defendant "guilty as charged in the indictment," which specified amount of money embezzled, was sufficient compliance with Section 1958, L. O. L., providing that verdict finding a public official guilty of larceny must ascertain as near as may be the amount of money taken.

[As to what is embezzlement and who may be charged therewith, see notes in 98 Am. Dec. 126; 87 Am. St. Rep. 19.]

From Coos: JOHN S. COKE, Judge.

Department 2.

The defendant was convicted of the crime of larceny of public money, sentenced to pay a fine of $1,329.90, and be confined in the penitentiary from one to seven years. Defendant appeals.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. N. C. McLeod.*

For the State there was a brief and an oral argument by *Mr. John F. Hall,* District Attorney.

OLSON, J.—The appellant assigns as error that the indictment is faulty in that it does not describe the character and value of the moneys alleged to have been embezzled, but this point was waived by his counsel on argument in this court. The only point now relied upon is that the verdict of the jury is a general verdict and not sufficiently definite to comply with the provisions of Section 1958, L. O. L.

The indictment charged the defendant, after describing his official status, as follows:

"Did then and there wickedly, willfully, and unlawfully, feloniously and fraudulently take and convert to his own use the sum of six hundred and sixty-four dollars and ninety-five cents, lawful money collected by him and belonging to the county of Coos, and did neglect and refuse to pay the same over to the county treasurer of Coos County, Oregon, or any portion thereof, as by law directed and required, after lawful demand so to do, well knowing that he was not entitled to the same."

Section 1957, L. O. L., defines the crime of larceny of public money by any public official, and Section 1958, L. O. L., contains this provision:

"The amount of money converted, loaned, or neglected, or refused to be paid, must be ascertained by the verdict of the jury as near as may be."

The jury brought in a verdict in the following form, omitting the venue and title:

"We, the jury impaneled to try the above-entitled cause, find the defendant guilty as charged in the indictment. Dated at Coquille City, Coos County, Oregon, this day of June 8, 1918."

Counsel for appellant contends that this verdict contains no finding as required by Section 1958, L. O. L., as to the amount of money embezzled, and, therefore, such verdict is not sufficient upon which to base a sentence.

This seems to be a case of first impression as to the exact point raised by counsel. There seems to be a division of authorities as to whether a verdict of guilty as charged in the indictment is sufficiently definite to fix the amount of money stolen or embezzled, as the case may be. Iowa, Illinois, Ohio, Nebraska and Arizona hold that the verdict of the jury itself must contain a finding in express terms of the amount of money stolen or embezzled. It seems, however, that the weight of authorities in the United States is inclined to the other view. The question of whether or not it was necessary for the jury to find the value of the property stolen in the case of larceny came up in this state in *Howell* v. *State,* 1 Or. 241, in which it was held that it was not necessary for the jury to enter in their verdict the value of the property stolen. *Howell* v. *State,* 1 Or. 241, was quoted in *State* v. *Kelliher,* 32 Or. 240 (50 Pac. 532), on a conviction for larceny. In the latter case Justice BEAN observes:

"But it was early held in this state that, on an indictment for stealing property of a specified value, it was

not necessary for the jury to assess the value in their verdict: *Howell* v. *State,* 1 Or. 242.   And this is in harmony with the great weight of authority.   A general verdict of guilty affirms the truth of all the material allegations of the indictment, including that of value, so far as the same is material; and, therefore, on a charge of stealing several articles of specified values, such a verdict is a finding that the defendant stole all of them, and that their several values were as averred, or at least that their aggregate value is sufficient to constitute the crime charged."

The cases cited above would absolutely determine the case at bar but for the fact that Section 1958, L. O. L., contains a provision that the amount of money embezzled must be ascertained by the verdict of the jury as near as may be.

Counsel for appellant relies mainly upon cases from Nebraska, Ohio, Illinois and Iowa, but these states in larceny cases hold directly contrary to the decisions of *Howell* v. *State,* 1 Or. 241, and *State* v. *Kelliher,* 32 Or. 240 (50 Pac. 532), and so such decisions have not the force as precedents they otherwise might have.   It is a general rule, however, that a verdict of guilty need not specify the degree of the crime of which defendant is convicted, and if a particular degree is charged and the jury desires to find defendant guilty of a lesser degree, the degree should be specified in the verdict; in other words, the verdict of guilty as charged in the indictment finds the defendant guilty of the highest degree therein charged: 16 Corpus Juris, 1109, 1110, and cases therein cited.   In this case the indictment charges the embezzlement of a specific sum and the failure to return or turn over any portion thereof.   The matter of the amount so embezzled was contested in the lower court.   The jury had the amount specifically called to their attention, and when they brought in their verdict

in the form above set out, in effect they made a finding that the defendant had embezzled the exact amount set forth in the indictment. The finding that the defendant was guilty "as charged in the indictment" necessarily had the same effect as if the jury had returned their verdict charging that the defendant was guilty, and then proceeded to enumerate and set forth the exact words, phrases and figures of the indictment. If this had been done by the jury there could be no question that the statute had been absolutely complied with, and it seems that to hold that the language "guilty as charged in the indictment" means anything else than a finding as to all the material facts set forth in the indictment, including necessarily the amount embezzled, would be to deserve Butler's description of the person who could "distinguish and divide a hair 'twixt south and southwest side." The greatest objection made against the administration of criminal law in this country is that technicalities are permitted to defeat the administration of justice. To hold in this case that the jury had not complied with the provisions of Section 1958, L. O. L., would seem to raise a mere technicality above the administration of justice.

AFFIRMED.    REHEARING DENIED.

McBRIDE, C. J., and BEAN and JOHNS, JJ., concur.