Argued April 22; decided May 4, 1895.

## STATE *v.* LITTSCHKE.

[40 Pac. 167.]

1. FORMER JEOPARDY — CODE, § 1338.— An acquittal by the direction of the court after the testimony of the state is concluded, on the ground that the indictment is fatally defective, will not support a plea of former jeopardy, under Hill's Code, § 1338, providing that an acquittal on the merits is a bar, notwithstanding a defect in form or substance in the indictment.

2. EVIDENCE OF FELONIOUS INTENT — LARCENY BY BAILEE — CODE, § 1771.— In a prosecution for larceny by bailee, under section 1771, Hill's Code, evidence that the person intrusting the money to defendant had stolen it, and that the rightful owner had demanded the same from defendant, is admissible to show good faith on defendant's part in retaining the money, and that he did not intend to convert it to his own use.

APPEAL from Multnomah: THOS. A. STEPHENS, Judge.

This is an appeal from a judgment against the defendant upon his conviction of the crime of larceny by bailee. The indictment charges that on August twenty-ninth, eighteen hundred and ninety-three, the defendant was in possession as bailee of five hundred and twenty-five dollars, the property of Elizabeth Hess, and while so in possession embezzled and feloniously converted the same to his own use. Issue was joined by the plea of not guilty and former acquittal. The latter defense is based upon the fact that defendant was placed on trial before a jury for the same offense on an indictment which did not state facts sufficient to constitute a crime, and for that reason, after the testimony for the state was in, the court directed the jury, on motion of the defendant, to find him not guilty, and upon the return of the verdict as directed, the court further ordered the cause resubmitted to the grand jury, who subsequently returned the present indictment.                                    REVERSED.

For appellant there was a brief by *Messrs. Gearin, Silvestone, Murphy and Brodie,* and *Wm. M. Davis,* and an oral argument by *Mr. John M. Gearin.*

For the state there was a brief by *Messrs. Cicero M. Idleman,* attorney-general, and *Wilson T. Hume,* district attorney, and an oral argument by *Mr. Joseph J. Fitzgerald.*

· The indictment at the former trial was fatally defective and did not charge a crime in that the value of the money was not alleged, and the rule at common law, as shown by all the authorities, is that an acquittal on such an indictment will not support a plea of former acquittal: 11 Am. and Eng. Ency. of Law, 930, 931; 1 Bishop on Criminal Law, § 1020; *People* v. *Clark,* 67 Cal. 99; *State* v. *Sherburn,* 58 N. H., 535; *Pritchett* v. *State,* 34 Tenn. 290; *White* v. *State,* 49 Ala. 344. Defendant claims that our statute so modifies

the rule at common law as to make it cover the case at bar. The provision of our statute is as follows: "When, however, a defendant was acquitted on the merits, he is deemed acquitted of the same crime, notwithstanding a defect in form or substance in the indictment on which he was acquitted": Hill's Code, § 1338. In order to bring a case within this statute the defendant must have been acquitted on the merits. The merits of the case were not submitted to the jury at the former trial, as the court by its direction pursuant to the motion of defendant's counsel, precluded the jury from any consideration of the merits.

A motion for a verdict for a defect in the indictment is in effect a demurrer: *Jordan* v. *State,* 22 Ga. 556. The matter offered by the defense as evidence, to which the court sustained objections, was properly ruled out as it was clearly irrelevant and immaterial to the case on trial. It could make no difference to the defendant and in no way be a justification for his fraudulent conversion of the money that Mrs. Hess had stolen the money from Liebe or the First National Bank, and such evidence would only tend to confuse the minds of the jury by bringing into the case a contention between Mrs. Hess and Liebe. Even if the defense could prove beyond peradventure of a doubt that Mrs. Hess stole the money, it would avail them nothing. Goods stolen from a thief may be charged as the goods of the thief: 2 Bishop on Criminal Law, § 789; *Ward* v. *People,* 3 Hill (N. Y.), 395, 6 Hill (N. Y.), 144.

A bailee cannot dispute the title of his bailor: *Wallace* v. *Matthews,* 39 Ga. 617 (49 Am. Dec. 473); *Chicago, etc. Railroad* v. *Shea,* 66 Ill. 471; *Dodge* v. *Meyer,* 61 Cal. 405; *Nudd* v. *Montanye,* 38 Wis. 511 (20 Am. Rep. 25); *Roberts* v. *Noyes,* 76 Me. 590.

Opinion by MR. CHIEF JUSTICE BEAN.

1.   It is conceded by the defendant that by the weight of authority an acquittal on an indictment which is fatally defective will not support a plea of former jeopardy, but the contention of his counsel is that this rule has been changed by section 1338 of Hill's Code, which provides that when a defendant is acquitted on the merits he is to be deemed acquitted of the same crime, notwithstanding a defect in form or substance in the indictment on which he was acquitted.   This section only changes the rule so that when a criminal trial proceeds to verdict on the merits, and the defendant is acquitted, he may plead such acquittal in bar of a further prosecution for the same offense, although the indictment on which he was tried may have been defective either in form or substance.   But the record here shows affirmatively that the defendant was not acquitted on the merits, nor was the question of his guilt or innocence submitted to the jury as a question of fact, but the verdict was directed by the court for the reason that the indictment did not state facts sufficient to constitute a crime, and hence the case does not come within the section referred to, and there was no error in charging the jury that upon a plea of former acquittal their verdict must be for the state.

2.   The other assignment of error is directed to the refusal of the trial court to permit the defendant to show that the money which he is accused of embezzling did not belong to Elizabeth Hess, but had been stolen by her from one Theodore Liebe; that Liebe had demanded of him the possession thereof, and ordered and directed him not to pay it over to Mrs. Hess, and at the same time notified him that if he did he would be held responsible therefor. It does not appear from the indictment, nor very clearly from the bill of exceptions, that the defendant was the bailee of Mrs. Hess.   But from the nature of the questions propounded to the witnesses by defendant's counsel, and

the rulings of the court thereon, we assume that Mrs. Hess, while in possession of the money, delivered it to the defendant as her bailee, and that the evidence offered was excluded on the theory that her possession was sufficient to support the allegation of ownership in the indictment. If this assumption is correct, and the defendant, after having received the money from Mrs. Hess as her bailee, feloniously and with intent to steal, converted it to his own use, it would be immaterial whether Mrs. Hess had stolen the money or not, because, as said by Chief Justice NELSON, "possession of property in the thief is sufficient to make it the subject of larceny; and the title may be laid either in the owner or the thief. Thus, if A steal goods from B, and C afterwards steal the same goods from A, C is a felon both as to A and B": *Ward* v. *People,* 3 Hill, 398, and affirmed in 6 Hill, 144; 2 Bishop's New Criminal Law, § 789; 1 Wharton on Criminal Law (9th ed.), § 945. But, notwithstanding this rule, the evidence was clearly competent on the question as to whether the money was in fact feloniously converted by the defendant to his own use with an intent to steal it. A felonious intent is an essential ingredient of the crime charged in the indictment, and is always a question for the jury. Without a felonious and criminal intent on the part of the defendant, there could have been no crime, although there may have been a breach of trust, and although Liebe's claim to the money may constitute no defense in a civil action by Mrs. Hess to recover possession, because of the rule that a bailee cannot dispute the title of his bailor. But this is a criminal prosecution, and the conversion by the defendant must not only have been a tortuous act, but it must have been with a felonious intention, and this, as we have already said, was a question of fact for the jury under all the circumstances of the case. If he was the bailee of Mrs. Hess, and in good faith retained possession

27 OR.—25.

of the money, and refused to pay it over to her because of Liebe's claim and demand, but with no intention of converting it to his own use, he cannot be convicted of the crime charged in the indictment, because in such case there would be an entire absence of the felonious or criminal intent which is an essential ingredient of the crime. For this reason we think the evidence was competent, and the judgment must be reversed and a new trial ordered.

REVERSED.

Argued March 28; decided April 22, 1895; rehearing denied.