THE STATE v. STOWE, *Appellant.*

Division Two, January 21, 1896.

1. **Criminal Law**: SUFFICIENCY OF INDICTMENT: APPELLATE PRACTICE. The sufficiency of an indictment may be inquired into upon appeal, even where it has not been questioned by motion in arrest, or otherwise, in the trial court.

2. ———: INDICTMENT: FALSE PRETENSES: MORTGAGED PROPERTY: NAMES OF PARTIES: RECORD. An indictment charging a defendant with obtaining property by falsely pretending to be the real, legal, and absolute owner of other property exchanged therefor, when in fact the property so exchanged was incumbered by mortgage, is bad, where it fails to describe the incumbered property and does not state the names of the parties to the mortgage, or its date, or amount secured, or the county where recorded, or whether possession was delivered to the mortgagee and retained by him, or whether the mortgage was recorded.

3. ———: ———: UNKNOWN NAMES AND FACTS: DILIGENCE. It is only permissible upon the ground of necessity to allege in an indictment that the name of a person or fact necessary to be stated is unknown; and the defendant is entitled to be discharged when it appears on the trial that the name or the fact either was known, or could, by the exercise of ordinary diligence, have become known to the grand jury.

*Appeal from Greene Criminal Court.*—HON. J. J. GIDEON, Judge.

REVERSED AND REMANDED.

| | |
|---|---|
| 132 | 199 |
| 134 | 273 |
| 132 | 199 |
| 136 | 444 |
| 137 | 623 |
| 132 | 199 |
| 139 | 217 |
| 132 | 199 |
| 141 | 270 |
| 144 | 395 |
| 132 | 199 |
| f151 | 145 |
| 132 | 199 |
| 157 | 86 |
| 159 | 572 |
| 132 | 199 |
| 168 | ³454 |
| 132 | 199 |
| 170 | ²352 |
| e170 | ²353 |
| 171 | ² 50 |

*Geo. S. Rathbun, W. A. Rathbun,* and *A. P. Tatlow* for appellant.

(1) The court erred in admitting the mortgage in evidence; also in admitting the mortgage given by the defendant after trading for the horses. The state offered it to show the intention of defendant. If so, the court erred in not instructing the jury to that effect as it only tended to mislead and prejudice them. (2) The verdict is clearly against the weight of the evidence, and is the result of passion and prejudice. The instructions were disregarded. *Garrett v. Greenwell,* 92 Mo. 121; *Spohn v. Railroad,* 87 Mo. 74; *Hipsley v. Railroad,* 88 Mo. 348. (3) The indictment is fatally defective. It does not apprise defendant of the nature and cause of the accusation. Const. of Mo., art. 2, sec. 22. Defendant was entitled to know what mortgage was relied upon by the prosecution. The names of the mortgagor and mortgagee were not given and no date nor amount was given, nor the place of record. *State v. Terry,* 109 Mo. 601; *Keller v. State,* 51 Ind. 111; *Com. v. Grady,* 13 Bush (Ky.), 285; *Redmond v. State,* 35 Ohio St. 81; *State v. Lambeth,* 80 N. C. 393; *Barber v. People,* 17 Hun, 366; *United States v. Harmon,* 34 Fed. Rep. 872; *State v. Clay,* 100 Mo. 571; *State v. Rector,* 126 Mo. 328; *State v. McGinnis,* 126 Mo. 564; *State v. Crocker,* 95 Mo. 389. (4) There is no evidence showing where the mortgagors lived at the time the mortgage was executed by them. It should have been shown that they lived in Greene county before the mortgage was entitled to be recorded there. R. S. 1889, sec. 5176; *Hughes v. Menefee,* 29 Mo. App. 192; *Wilson v. Milligan,* 75 Mo. 41; *Bryson v. Penix,* 18 Mo. 13; *Bevans v. Bolton,* 31 Mo. 137; *Dillard v. State,* 19 S. W. Rep. 895. (5) It is only a conclusion

of law to say a valid mortgage; therefore all facts necessary to make same valid should be stated. *State v. Clay*, 100 Mo. 571; *Dillard v. State*, 19 S. W. Rep. 891; 109 Mo. 601; 83 Mo. 299, and cases above cited. (6) There was no excuse for saying in indictment names of mortgagor and mortgagee unknown to grand jury, as the amount, date, and recording were known, and it was their duty to inform themselves and at least describe same so as to inform defendant. *United States v. Harmon*, 34 Fed. Rep. 872; *State v. Crocker*, 95 Mo. 389. The evidence shows the mortgage relied upon was recorded at Springfield, Greene county, Missouri, the home of, and place at which the trade was made by, prosecuting witness. He could have easily searched the record. The amount of the mortgage should also be given in indictment, for if merely nominal there was no crime. *Com. v. Grady*, 26 Am. Rep. 192; *Com. v. Haughey*, 3 Metc. (Ky.) 223; *State v. Trisler*, 31 N. E. Rep. 881.

*R. F. Walker*, attorney general, for the state.

The indictment in this case is based upon section 3564, Revised Statutes, 1889, follows the language of the statute, alleges the false pretense upon which the defendant obtained the property, negatives the truth of such pretense, and avers that the owner relied upon the truth of the pretense made by the defendant when the property was parted with, particularly describes it, and states its value; this is all that is required. *State v. Lichlighter*, 95 Mo. 402; *State v. Flanders*, 118 Mo. 233; *State v. Alexander*, 119 Mo. 448. Unless it appears that the testimony admitted over the objections of the defendant was prejudicial, although it may have been immaterial and irrelevant, it will not justify a reversal. The admission of evidence in regard to certain mortgages could in no way have prejudiced the

defendant, and he will, therefore, not be heard to complain.

SHERWOOD, J.—The defendant appeals from a judgment against him, having been found guilty of making false pretenses in exchanging horses with one Waugh, and his punishment assessed at two years in the penitentiary.

Omitting preliminary matters, the indictment is the following:

"That Aretas Stowe, late of the county and state aforesaid, on the —— day of September, 1892, at the county of Greene, and state of Missouri, did then and there, unlawfully, feloniously, knowingly, and designedly, with the intent to cheat and defraud one William N. Waugh, did then and there knowingly, feloniously and falsely, pretend, represent, and state to him, the said William N. Waugh, that he, the said Aretas Stowe, was then and there real, legal, and absolute owner of two certain horses (a more particular description these grand jurors are unable to give) then in his (Stowe's) possession, and that said team of horses was free from all liens or incumbrances whatsoever; and the said William N. Waugh believing the said false pretenses, representations, and statements, so made as aforesaid, by him, the said Aretas Stowe, to him, the said William N. Waugh, to be true, and relying thereon was induced by reason thereof, to trade, exchange, and deliver to the said Aretas Stowe, for the two horses above mentioned as aforesaid, two horses described as follows, the property of him the said William N. Waugh, that is to say, one bay horse, twelve or thirteen years old, and one brown horse about thirteen years old, said last described horses being of the value of $100, and of the personal property of him, the said William N. Waugh, and the

said Aretas Stowe, by means of the felonious and fraudulent representations, statements, and false pretenses so made by him, the said Aretas Stowe, to him, the said William N. Waugh, as aforesaid, did then and there feloniously, designedly, and fraudulently obtain and receive of and from him, the said William N. Waugh, the said bay horse, twelve or thirteen years old, and said brown horse, thirteen years old, the same being of the value of $100, of the personal property of him, the said William N. Waugh, with the felonious intent, on the part of him, the said Aretas Stowe, then and there to cheat and defraud him, the said William N. Waugh, of the said bay horse, twelve or thirteen years old, and of the brown horse, thirteen years old, whereas in truth and in fact, the said Aretas Stowe was not then and there the owner of the two horses first above mentioned, and the same were not in truth and in fact free from all liens and incumbrances whatsoever, and whereas, in truth and in fact, he the said Aretas Stowe, was not then and there the real, legal, and absolute owner of said two horses first above described, but in truth and in fact there was a lien and incumbrance on said two horses first above mentioned, that is to say, there was on the —— day of September, 1892, a legal, valid, and subsisting mortgage, unpaid and unsatisfied, on the two horses first above described, the name of the mortgagee and mortgagor being unknown to these grand jurors, as he, the said Aretas Stowe, then and there well knew at the time, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.

"J. H. Duncan,
"Prosecuting Attorney."

The sufficiency of this indictment being questioned by a motion in arrest, will now require examination, and this would be our duty even were no such motion

filed, as the indictment is matter of record, and therefore open to examination for the first time in this court.

It must be quite clear that this indictment is lacking in several essentials which go to make up a valid charge of crime. A person accused is entitled by the terms of the bill of rights, article 2, section 22, "to demand the nature and cause of the accusation" against him, and unless the indictment gives this information, it does not answer the end the constitution requires it should accomplish.

The charge in the indictment under consideration is vexatiously vague and indefinite in that it does not state, *a*, in what county the mortgage referred to was recorded, nor indeed, *b*, that it was recorded anywhere, nor, *c*, give the names of the mortgagor and mortgagee, nor, *d*, the date of the mortgage, nor, *e*, the amount it was given to secure, nor, *f*, a description of the horses, which secured the mortgage, although Waugh, to whom the horses were alleged to have been exchanged, was a witness whose name was indorsed on the indictment.

In Indiana, Keller was prosecuted for obtaining personal property under false pretenses in regard to certain real estate described as being "a house and lot of ground in the city of Indianapolis," and it was averred that Keller represented that a certain incumbrance for $500 was the only lien on the property. In negativing the truth of this allegation it was averred that the "lien and mortgage of $500 on the said house and lot of ground for the purchase money thereof as aforesaid, was not the only lien and incumbrance then upon said house and lot of ground, but there were various and numerous other liens thereon, older and prior to the said lien of $500, amounting in the aggregate to

$2,000," etc.   Speaking on the subject of the insufficiency of such an indictment, BUSKIRK, J., said:

"The first averment is very vague and indefinite. There is no sufficient description of the real estate alleged to have been owned and sold by the appellant. Nor is the name of the purchaser given. Criminal charges must be preferred with reasonable certainty, so that that the court and jury may know what they are to try, of what they are to acquit or convict the defendant, and so that the defendant may know what he is to answer, and that the record may show, as far as may be, of what he has been put in jeopardy. The averments should be so clear and distinct that there could be no difficulty in determining what evidence was admissible under them. * * * The fourth averment and its negation are insufficient. The negation to the fourth averment does not set out or describe the liens that constituted the prior incumbrances. How was it possible for the appellant to prepare for trial under such an averment and negation? How could he show, on trial, that the liens proved by the state had no valid existence, or had been paid off? He would have no notice of the liens relied upon until the evidence was offered by the state. It would be contrary to well established principles to allow evidence to be given upon a material issue, tending to fasten fraud and falsehood upon the party, without any averment or notice in the indictment of the fact sought to be proved." *Keller v. State*, 51 Ind. 111.   This case is directly in point.

In *Barber v. People*, 17 Hun, 366, an indictment for obtaining goods by false pretenses alleged that the accused represented "that he was out of debt, or nearly out of debt, and that he had no debts against him except a few dribbling grocery bills," and then proceeded "whereas in truth and in fact said Hartwin E.

Barber was not out of debt and was not nearly out of debt, but was largely in debt and owed large sums of money to divers persons." *Held*, that upon the trial the prosecution could not prove any specific sums owed by the accused, as none were described or set forth in the indictment.

So, also, in *People v. Miller*, 2 Park. Cr. Cas. 197, the defendant was indicted for obtaining an indorsement of a note by false pretenses. It was charged and proved that the defendant obtained the indorsement by representing, among other things, that all his last year's debts had been settled and paid. Held, by the general term in the seventh district, that such representations could not be shown to be false by proving a specific indebtedness existing at the time, unless the existence of such specific indebtedness had been alleged in the indictment. WELLES, J., delivering the opinion of the court, said: "It" (the evidence of specific debts) "could only be material by way of contradicting the representation charged and claimed to have been proved that all the defendant's last year's debts had been settled and paid. If admissible at all, it could only be so under a proper allegation or averment, alleging the fact."

Numerous other cases to the like effect in substance and principle may be instanced. *State v. Terry*, 109 Mo. 601, and cases cited; *State v. Bonnell*, 46 Mo. 395; *State v. Saunders*, 63 Mo. 482; *People v. Gates*, 13 Wend. 311.

Chitty, when speaking of an indictment, says: "The first general rule respecting indictments is, that they should be framed with sufficient certainty. 'For this purpose the charge must contain a certain description of the crime of which the defendant is accused, and a statement of the facts by which it is constituted, so as to identify the accusation, lest the grand jury

should find a bill for one offense, and the defendant be put upon his trial in chief for another without any authority.'" 1 Chitty Cr. Law, 169.

Elsewhere it is said: "Certainty may be defined to be a clear and distinct setting down of facts, so that they may be understood both by the party who is to answer the matters stated against him, the counsel who are to argue them, the jury who are to decide upon their existence, and the court who are the judges of the law arising out of them." *King v. Griffith*, 3 Mod. 201.

In the case at bar, the facts which constituted the lien and incumbrance on the horses are not so stated as to notify the defendant and apprise him of what he was to meet at the trial. *State v. Trisler*, 31 N. E. Rep. 881, and cases cited.

The allegation in regard to the lien and incumbrance really amounts to no more than an *untraversable legal conclusion*, the *mere inference of the pleader;* but *facts* should have been alleged in order to enable the court to determine whether the mortgage was a valid lien.

In *Lamberton v. State*, 11 Ohio, 282, the indictment set forth, that the plaintiff in error, "on, etc., at, etc., with force and arms, one David Bryte, then and there being sheriff of said county, and, also, then and there being in the execution of his said office, as such sheriff as aforesaid, unlawfully did resist, contrary to the form of the statute, etc." And the indictment was held bad on the ground that "it merely states a conclusion of law predicated on a supposed state of facts." See, also, *United States v. Cruikshank*, 92 U. S. *loc. cit.* 558.

Nor is it to be forgotten that under the provisions of section 5176, Revised Statutes, 1889, the mortgage would be invalid against any other person than the parties thereto, unless possession thereof was delivered to, and retained by, the mortgagee, etc., or the mort-

gage be recorded in the county where the mortgagor resides. *Hughes v. Menefee*, 29 Mo. App. 192; *Bryson v. Penix*, 18 Mo. 13; *Bevans v. Bolton*, 31 Mo. 437; *Wilson v. Milligan*, 75 Mo. 41.

None of these facts are alleged in the indictment, which would render the mortgage valid against Waugh, and so not being alleged, they will be presumed to be nonexistent, or, as the matter is happily expressed by PORTER, J., "in the spirit of that principle which presumes innocence until guilt be established, we infer that what is not charged in an indictment does not exist, and it is the business of the pleader to exclude, by proper averments, the conclusions to which the accused is thus entitled." *Mears v. Commonwealth*, 2 Grant's Cas. (Pa.) 385.

Of course, unless the mortgage were valid against *Waugh, defendant has committed no crime.*

Moreover, there are other grounds which go to invalidate the indictment. The record discloses that when defendant was brought to trial, the mortgage on the horses was on record in Greene county, and the horses of defendant which he exchanged for those of Waugh, the prosecuting witness, were described in that instrument, as well of course as the names of the mortgagor, Woodward, and the mortgagee, Dickerson, and this mortgage was recorded in the county where the indictment was found, and Waugh, whose name is indorsed on the indictment, testified at the trial to the description of the team he obtained from defendant. In such circumstances as these there was no excuse for the allegation in the indictment that the description of the horses mentioned in the mortgage was unknown, nor that the names of the mortgagor and mortgagee were unknown to the grand jury. And it is only upon the ground of *necessity* that such an allegation is admissible. When the necessity fails, the reason supporting

such an allegation fails with it. And an indictment will be rendered invalid, and a defendant entitled to a discharge from that indictment, if it appear on the trial either that a person or thing alleged to be unknown was known, or could have been known by the exercise of ordinary diligence. *Blodget v. State*, 3 Ind. 403; *Cheek v. State*, 38 Ala. 227.

Bishop says: "If the grand jurors refuse to learn the name when they might, their ignorance of it thus willfully produced, proceeding from no necessity, creates none; and, if they lay it as unknown, proof of the facts at the trial will show the allegation to be unauthorized, and there can be no valid conviction thereon. As said by the English judges: 'The want of description is only excused when the name can not be known.'" 1 Crim. Proc. [3 Ed.], sec. 549. See, also, *Rex v. Robinson*, 1 Holt N. P. 595; 1 Chitty Cr. Law, 213; *Rex v. Walker*, 3 Campb. 264; *Reg. v. Stroud*, 2 Moody, 270.

The allegation in an indictment that a person or thing is unknown or can not be described, is *a material one*, and it is traversed by a plea of not guilty, and must be sustained and may be rebutted by proof, and the inquiry before the petit jury will be whether the name was known to the grand jury, or could have been ascertained by due inquiry on the part of the prosecution. *Cameron v. State*, 13 Ark. 712; *Reed v. State*, 16 Ark. 499; *Reg. v. Campbell*, 1 Carr. & K. 82.

Wharton says: "The test is, had the grand jury notice, actual or constructive, of the name; for if so, the name must be averred." Crim. Plead. & Prac. [9 Ed.], sec. 113. If the averment of the name be not made if known, or when it could readily have been ascertained, this fact appearing at the trial will compel a discharge of the defendant from that indictment, but

this will not operate as a bar to a trial on a new indictment properly framed. *Ibid.*, sec. 112.

In the present instance there is no room to doubt that if the grand jury or their scrivener, the prosecuting attorney, had exercised a modicum of diligence, they could readily have ascertained a description of the horses which Waugh, the prosecuting witness, received from defendant in exchange, and the records of Greene county were constructive notice to them, of the mortgage which forms one of the bases of this prosecution, and a few moments' inspection of those records would have revealed the names of the mortgagor and mortgagee alleged in the indictment to be unknown.

The indictment being for the reasons given wholly insufficient, and being invalid also because of the unfounded allegations of unknown, etc., it has not been deemed necessary to go into the merits of the case. The judgment will be reversed and the cause remanded in order that the lower court may conform its action to this opinion. All concur.