# CHARLESTON.

State *v.* Buster Robinson

(No. 6258)

Submitted October 23, 1928.   Decided October 30, 1928.

*Cecil H. Riley,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LIVELY, PRESIDENT:

The defendant, Buster Robinson, obtained this writ from a judgment sentencing him to four years in the penitentiary upon conviction of the larceny of an automobile.

The first assignment of error is the failure of the court to sustain the defendant's demurrer to the indictment. The indictment charges the defendant with having stolen an automobile valued at $500.00, the property of one L. D. Westmoreland. It is contended that the description of the property alleged to have been stolen is vague and indefinite, because neither the serial number, the make, the capacity, nor license number of the car is stated. It probably would have been better practice to have at least described the make of the car, but the failure so to do does not render the indictment fatally defective. In *State* v. *Bailey*, 63 W. Va. 668, this Court said: "It is not necessary to the sufficiency of an indictment charging larceny to describe the stolen articles by reference to any mark of identification by which they can be distinguished from others of the same, or a similar, kind." All that is necessary in an indictment for larceny is that the property alleged to have been stolen should be described with sufficient particularity to enable the court to determine that such property is the subject of larceny; to advise the accused with reasonable certainty of the charge he will be called upon to meet; and to enable the defendant to plead the judgment rendered thereon in bar of a subsequent prosecution. 36 C. J., sec. 268, p. 813. The demurrer to the indictment was properly overruled.

We cannot consider the defendant's second assignment of error relating to the refusal of the court to admit certain evidence offered by defendant, because the rejected evidence not having been made the subject of a special bill of exceptions nor specified in the motion for a new trial, error predicated thereon will be treated as having been waived. *Tuggle* v. *Belcher*, 104 W. Va. 178; *Roberts* v. *Lykins*, 102 W. Va. 409.

The remaining assignment of error concerns the sufficiency of the evidence to sustain the verdict. It appears from the evidence that L. D. Westmoreland, the owner of the alleged stolen car (a 1927 Ford coupe), was a coal miner living at

McComas, W. Va. On August 13, 1927, he drove the car to Keystone and visited that part of the town known as "Cinder Bottom", a place of questionable reputation. He remained there a large part of that day and the following night. The evidence shows that during that time he was considerably under the influence of liquor, to purchase which (and perhaps other things) he had borrowed $15.00 from a man by the name of Charles Smith. After carousing around the night of the 13th and until the early hours of the next morning, Westmoreland decided that he would visit one or two near-by towns in an effort to raise the money he had borrowed from Smith. The prosecuting witness was so intoxicated that he was unable to drive the car himself, and at Smith's suggestion they went into a restaurant where the defendant, Buster Robinson, was eating his breakfast. Westmoreland promised Robinson that he would pay him $5.00 if he would drive him and Smith to certain designated places. The evidence shows that the trip was made as planned, but that Westmoreland's efforts to obtain funds were futile. The party returned to Keystone. Upon their arrival at that place, Westmoreland turned the keys of the car over to the defendant, Buster Robinson, and left the car in the custody of Smith and Robinson until he could raise the money to pay the sums he owed them. Later he returned for his car, but Smith refused to release it until he was paid the borrowed money.

In the meantime, on the morning of August 15th, the defendant took the car and set out to visit his father in Middletown, Ohio. As he drove up the streets of Chillicothe he had a blow-out, and while on his way to a service station, was accosted by a police officer of that city who requested evidence of his ownership of the car. Defendant told the officer where he was from and to whom the car belonged and requested him to wire the Chief of Police at Keystone, W. Va. The defendant was taken into custody, and the Keystone officers were notified. The evidence is conflicting on several of the evidentiary facts stated herein, but the great preponderance thereof supports the statement of facts detailed.

The great weight of evidence shows that the possession of the automobile by the defendant was not obtained in an unlawful manner; that it was left at least temporarily with

Smith and the defendant by the owner to secure the payment of the sums due to them. And where property comes into possession of the taker lawfully with the consent of the owner, express or implied, as where the taker is allowed to have possession of the chattel under a contract of hiring, loan or other bailment or in the assertion of an honest claim of right, a conversion of the chattel by him while so in possession of it pursuant to a felonious intent formed subsequent to its acquisition is not larceny. 36 C. J., sec. 127, p. 771-2. See *State* v. *Morris and Johnson,* 96 W. Va. 291.

Furthermore, it is established by the clear preponderance of the evidence that the defendant, if it can be said he took the car without the owner's permission, did not intend to permanently deprive the owner of his property, but intended to use it for the sole purpose of visiting his father in Ohio and returning the same to the defendant. And to constitute larceny there must be an intent to deprive the owner permanently of his property. *State* v. *Caddle,* 35 W. Va. 73; *State* v. *Smith,* 146 S. W. 547. It is true that the trip was rather a long one and of course this would be a factor to be considered in determining the defendant's intention in this regard, but when viewed with the other evidence in the case any doubt as to defendant's guilt has been in a large measure removed. The fact that the defendant upon his detention in Chillicothe voluntarily gave the officer the name of the owner of the machine and his place of residence were corroborative of his claim that he did not intend to permanently deprive the owner of his property. It is true, of course, that generally the question of good faith as to the manner of defendant's acquisition and the intent with which he takes the property is one for jury determination, but before an accused can be convicted of larceny, the evidence must point to his guilt beyond a reasonable doubt. The facts and circumstances above detailed are not sufficient to warrant a jury in arriving at a verdict of guilty beyond a reasonable doubt. *State* v. *Fry,* 98 W. Va. 504.

The judgment will be reversed, the verdict set aside and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*