Argued December 11, 1941; affirmed January 20, 1942

# STATE *v.* POYNTZ
(120 P. (2d) 966)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*William P. Lord,* of Portland, for appellant.

*Albert M. Hodler* and *T. B. Handley,* Deputy District Attorneys, both of Portland (James R. Bain, District Attorney, of Portland, on the brief), for respondent.

RAND, J. The defendant, Louis K. Poyntz, was convicted of the crime of petty larceny and was sentenced to imprisonment in the county jail for the period of six months. At the time the sentence was pronounced he was paroled by the trial court. He has appealed from said judgment and assigns error, (1) in the denial of his motion for a directed verdict of not guilty, and (2) the refusal of the court to discharge the jury because of the alleged misconduct of one of the jurors.

The charging part of the indictment reads as follows:

"The said Louis K. Poyntz on the 20th day of November, A. D. 1940, in the County of Multnomah and State of Oregon, then and there being, did then and there unlawfully and wilfully take, steal and carry away certain personal property, to wit: 'two C five inch clamps, one No. 1045 Drill Set, six sets of washers, one chamois, and two bath brackets, of the value of less than $35.00, the personal property of Montgomery Ward and Company,' a corporation, contrary to the

Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.''

Section 23-519, O. C. L. A., defines larceny as follows:

"If any person shall steal any goods or chattels * * * which is the property of another, such person shall be deemed guilty of larceny, and upon conviction thereof, if the property stolen shall exceed in value $35, shall be punished by imprisonment in the penitentiary not less than one nor more than ten years; but if the property stolen shall not exceed the value of $35, such person, upon conviction thereof, shall be punished by imprisonment in the county jail not less than one month nor more than one year, or by fine not less than $25 nor more than $100.''

■■ The defendant contends that, because the value of the property was stated in the indictment as "less than $35.00" and not in a specific amount, the indictment was insufficient and, for that reason, the refusal of the court to direct a verdict of not guilty was error. Since the statute divides the crime of larceny into two classes and makes the punishment for the offense depend upon whether the value of the stolen property is more than $35 or is only $35 or less, it is necessary, as stated in *State v. Kelliher,* 32 Or. 240, 50 P. 532, that the indictment shall show to which class the case belongs. The indictment in the instant case charges that the articles stolen were the property of Montgomery Ward and Company. The term "property of" implies not only ownership but also that the thing owned possessed some value, however small. 1 McClain on Criminal Law, section 473; *State v. Broom,* 135 Or. 641, 297 P. 340. In that case the crime charged was robbery but the rule there stated is applicable here. Moreover, the statement contained in the indictment that the property was

of the value of less than $35 also imports that it had some value.

Section 26-705, O. C. L. A., provides:

"The manner of stating the act constituting the crime, as set forth in the appendix to this chapter, is sufficient, in all cases where the forms there given are applicable, and in other cases forms may be used as nearly similar as the nature of the case will permit."

■ The appendix, form No. 11, (see p. 316, vol. 3, O. C. L. A.,) prescribes the form of an indictment for larceny. The form thus prescribed reads as follows:

"Feloniously took and carried away a gold watch (or as the case may be), the personal property of C D (or of a person whose name is unknown to the grand jury), of the value of more than $35."

That form of indictment, or one "as nearly similar as the nature of the case will permit", is applicable where the charge is petty larceny.

■ We, therefore, hold that the indictment was sufficient although it did not state the specific value of the articles alleged to have been stolen, either in the aggregate or separately. In *State v. Kelliher*, supra, this court pointed out the proper method of alleging value in larceny cases. It said:

"* * * In an indictment for the larceny of several articles, it is the usual and manifestly the better practice to add the allegation of value to each specific article, or, if there are several articles of a kind, what is practically the same thing, to aver their number, each of a given value, because in such case the state is not bound to prove the larceny of all the articles as laid, in order to secure a conviction, as would be the case under an indictment alleging simply their aggregate value."

This decision, however, is not an authority for holding that an indictment which alleges that the value of the

stolen articles is less than $35 is not sufficient. Hence, we hold that, although value is an essential ingredient of the crime of larceny in order to determine to which class the offense belongs, the indictment in the instant case was sufficient.

■ It was, of course, necessary for the state to prove that the articles mentioned in the indictment had some value and, hence, the admission of testimony showing such value was proper.

■ It appears from the bill of exceptions that, when Margaret E. Ward, a witness for the state, had concluded her testimony, a recess was held and that, as she left the stand, she started to talk to two persons not jurors and that, while so talking to them, one of the jurors touched the witness's arm and said something which she could not hear; that she then asked him what he said but did not hear his answer; that, while this was occurring, one of the parties with whom she was talking called her attention to the fact that the man who accosted her was a juror; that she then turned and had no further conversation with him. This incident was reported to the court and all of said parties were called into chambers and were interrogated by the court in the presence of the attorneys on both sides of the case. After hearing their statements in respect to said incident, the court overruled defendant's motion for a mistrial and proceeded with the hearing of the case. This is assigned as error. A careful examination of all the statements of these parties who were interrogated by the court convinces us that the court did not abuse its discretion in denying said motion.

Finding no error in the record, the judgment appealed from is affirmed.