Argued November 3, reversed and remanded December 28, 1966

STATE OF OREGON *v.* RALPH L. GREEN

422 P. 2d 272

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Lawrence A. Aschenbrenner, Public Defender, Salem.

*James E. Redman,* Deputy District Attorney, Oregon City, argued the cause for respondent. With him on the brief was Roger Rook, District Attorney, and Ronald D. Thom, Deputy District Attorney, Oregon City.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

The defendant has appealed from a conviction of the crime of receiving and concealing stolen property. His only assignment of error relates to an alleged fatal defect in the indictment. The description of the property in the indictment is "certain hand tools, a more particular description of which property is to the grand jury unknown," followed by the name of the owner, Robert Williams.

There was evidence that in the early morning of October 1, 1965, a quantity of garage tools was stolen from a gasoline service station owned by Robert Williams and that shortly afterwards the defendant was seen in possession of the stolen property under circumstances which indicated that he knew it was stolen. The property was found by State Police Officer James Johnson in an automobile driven by the defendant, who stopped the car on a signal from the officer, got out and fled on foot. Johnson made an inventory of the property on the spot. Various tools claimed by the state to be the property referred to in the indictment were identified by Johnson and their owner on the trial. They comprised the following items as described in the record: A box of tools consisting of socket wrenches, etc., a hydrometer for testing anti-freeze, an

electric drill, an electric impact wrench, a quarter-inch electric drill, a grease gun, and another box of tools as to which the witness Williams testified:

"These are my tools in here. This belongs to a brake bleeder that I have at my station right now, gaskets for the caps on it, and the rest of this, this is springs off of old brakes on my '57 Chevrolet and just odds and ends that I've gathered up for years, just tools and stuff."

When these items were offered in evidence counsel for defendant objected to their admission on the ground of the insufficiency of the description of them in the indictment, and the falsity of the allegation that a more particular description was unknown to the grand jury. The only assignment of error in the defendant's brief is to the court's overruling of this objection.

Article I, section 11, of the Oregon Constitution provides that in "all criminal prosecutions, the accused shall have the right  *  *  *  to demand the nature and cause of the accusation against him, and to have a copy thereof  *  *  *." The statutes regarding indictments include the following provisions:

ORS 132.520: "The indictment, which is the first pleading on the part of the state, shall contain:
"*  *  *  *  *

"(2) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

ORS 132.530: "The indictment must be direct and certain as to the party charged, the crime charged and the particular circumstances of the crime charged when such circumstances are necessary to constitute a complete crime."

ORS 132.540: "(1) The indictment is sufficient if it can be understood therefrom that:

"*    *    *    *    *

"(f) The act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended and with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case;   *    *    *."

Failure to conform substantially to the foregoing requirements is made a ground of demurrer by ORS 135.630.

We stated in *State v. Smith,* 182 Or 497, 500-501, 188 P2d 998:

"The objects of an indictment are (1) to inform the accused of the nature and character of the criminal offense with which he is charged with sufficient particularity to enable him to make his defense, (2) to identify the offense so as to enable the accused to avail himself of his conviction or acquittal thereof in the event that he should be prosecuted further for the same cause, and (3) to inform the court of the facts charged so that it may determine whether or not they are sufficient to support a conviction. 27 Am. Jur., Indictments and Informations, section 2; *People v. Farson,* 244 N. Y. 413, 155 N. E. 724."

For the accomplishment of these objects in indictments for receiving stolen property "the property must be described with certainty and accuracy": 45 Am Jur 398, Receiving Stolen Property § 15.

■ A tool is thus defined in Webster's New International Dictionary (2d ed):

"An instrument of manual operation, as a hammer, saw, plane, file, or the like, used to facilitate

> mechanical operations, as distinguished from an appliance moved and regulated by machinery; the instrument of a handicraftsman or laborer at his work; an implement; as, the *tools* of a joiner, smith, shoemaker, etc."

The modifying word "hand" in the indictment can scarcely be regarded as a specification of the kind of tools in view of the meaning of the word tool itself. It is an extremely broad indefinite term embracing a large variety of instruments used in the shop, in construction work, on the farm, and in the home. In one case a ladder was held to be a hand tool: *Sheridan v. Gorham Manufacturing Company,* 28 RI 256, 259, 66 A 576, 13 LRA NS 687.

██ In common with a number of other courts, we have held that no more accurate or definite description of the property is required in an indictment for receiving stolen property than in an indictment for larceny: *State v. Hanna,* 35 Or 195, 197, 57 P 629. See Annotation, 99 ALR2d 813, 823. An indictment for larceny is sufficiently certain if the thing stolen be designated by the generic name of the class to which it belongs: *Nordlinger v. United States,* 24 App DC 406, 410, 70 LRA 227 (per Shepard, C.J.); Note LRA 1915B 71, 74 et seq.; 32 Am Jur 1020, Larceny § 107. It is in harmony with this rule that our statute relating to the larceny of animals provides that "the indictment is sufficiently certain in that respect if it describes the animal by the common name of its class": ORS 132.640. See *State v. Brinkley,* 55 Or 134, 136, 104 P 893, 105 P 708. In the *Nordlinger* case an indictment charging the unlawful taking of "a certain musical instrument known as and called an auto-electric piano and auto-electra" was held sufficient. We question whether it would have been held sufficient if the description had

been only "a musical instrument." On the other hand, we think that the description in an information for receiving stolen property—"2 Sewing Machines, 1 Saw, 1 Radio, 2 Typewriters"—held bad in *State v. Kuhnley,* 74 Ariz 10, 242 P2d 843, should be held sufficient under our statute. We would not consider it necessary, as the Arizona court apparently did, to state the serial numbers and trade names of the articles. In a larceny indictment "one certain Ford automobile, two-door make," was held sufficient in *Jackson v. State,* 173 Miss 776, 163 S 381, 100 ALR 789. And even the word "automobile" standing alone passed muster against a demurrer in *State v. Robinson,* 106 W Va 276, 145 SE 383, 62 ALR 351. See Annotation, 100 ALR 791. But the West Virginia court held that an indictment charging the larceny of five "tires" was defective, the court saying that even though this is an age of automobiles, it cannot be taken for granted that the word "tires" refers to automobile tires alone. See Annotation, 99 ALR2d 813, 820.

■ Numerous decisions upon the question of the sufficiency of the description of the property in indictments for receiving stolen property are collated in the annotation just cited. We think it unnecessary in this opinion to further review particular cases. It is enough to say that under the indictment here the State was at liberty to prove that the stolen property was anything from a can opener to a crowbar. We hold the description insufficient "to enable a person of common understanding to know what is intended": ORS 132.520 (2), and the indictment in that respect is not "direct and certain as to  *  *  *  the crime charged and the particular circumstances of the crime charged  *  *  *":  ORS 132.530.

As District Judge Neterer said of an insufficient

description of the property in an indictment for receiving stolen money:

"The law presumes the defendant innocent. To hold that this description advises him of the nature of the charge would presume his guilt and knowledge of the kind and character of the currency charged": *United States v. Johnston,* 292 Fed 491, 496 (WD Wash).

■ The State contends that, even so, the indictment is saved by the words: "a more particular description of which property is to the grand jury unknown." Where matters or things necessary to be alleged in an indictment are unknown to the grand jury it is proper to allege they are unknown, but such an averment is admissible only on the ground of necessity: *State v. Stowe,* 132 Mo 199, 208, 33 SW 799; *Naftzger v. United States,* 200 Fed 494, 501 (8th Cir); *State v. McDonald,* 12 SCL (1 M'Cord) 532, 10 Am Dec 691, 692.

6. And, by what we consider to be the weight of authority, if, on the trial, the proof shows either that the matter or thing was known to the grand jury or could reasonably have been ascertained by that body, the defendant is entitled to an acquittal: *State v. Stowe,* supra; *Cheek v. The State,* 38 Ala 227; *Blodget v. The State,* 3 Ind 403; *Reed v. The State,* 16 Ark 499, 502; 2 Bishop's New Criminal Procedure, 445-447, §§ 549, 550; 4 Wharton's Criminal Law and Procedure, 560-561, § 1763.①

■ That the grand jury, with the exercise of a minimum of diligence by the district attorney, could have described the tools with more particularity, is evident.

---

① It is held by some courts that the rule applies only where it appears that the grand jury did not know the fact as to which it disclaims knowledge, United States v. Riley, 74 Fed 210, 212 (D Ky); Commonwealth v. Thornton, 80 Mass (14 Gray) 41, 42.

The tools were in the possession of the police at the time of the grand jury investigation. Officer Johnson had made an inventory of them and he and Williams, their owner, were both witnesses before the grand jury. They described the tools at the trial and could have just as easily done so to the grand jury.

██ Ordinarily, the question is raised by motion for a directed verdict of acquittal or a motion in arrest of judgment. See, for example, *United States v. Riley,* 74 Fed 210 (supra); *State v. Stowe,* supra. While that would have been the more appropriate procedure, the defendant's objection to the admission in evidence of the tools served the same purpose. It brought the inadequacy of the indictment to the attention of the court at the first possible moment. A demurrer, as authorized by ORS 135.630, would have availed the defendant nothing, because on demurrer the court would have been required to presume that the averment as to the grand jury's want of knowledge was true. No procedure for the taking of evidence on the hearing of such a demurrer is provided, and we have no statute requiring the prosecution, on demand of the defendant, to furnish him with a bill of particulars.

The court erred in overruling the objection. The judgment is reversed and the cause is remanded to the circuit court with directions to resubmit the case to the grand jury. *United States v. Riley,* supra, 74 Fed at 212.