Submitted on record and briefs October 17, affirmed
November 7, 1969

STATE OF OREGON, *Respondent, v.*
JACK VICTOR STANLEY,
*Appellant.*
460 P. 2d 369

Gary D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem, filed the brief for appellant.

Frank J. Coumont, District Attorney, and James P. Leahy, Deputy District Attorney, Astoria, filed the brief for respondent.

FOLEY, J.

The defendant was convicted of the crime of embezzlement in violation of ORS 165.005. His sole as-

signment of error on appeal is that his motion for judgment of acquittal should have been granted because the state did not introduce evidence of intent to embezzle.

The defendant was engaged in the business of soliciting advertising for a radio station. His duties involved obtaining advertising contracts at prescribed rates, collecting the money for such advertising and turning both over to the radio station from which he then received a commission. The record discloses that he solicited advertising from an automobile dealer and obtained a check from the dealer payable to the radio station. He never advised the radio station management that he had solicited the automobile dealer's business or that he had received the dealer's check. Instead, without authority or knowledge on the part of the radio station or automobile dealer, he cashed the check at a restaurant, advising the restaurant operator that he had the authority to endorse checks made payable to the radio station.

██ Felonious intent is an essential ingredient of the crime charged. *State v. Littschke*, 27 Or 189, 40 P 167 (1895). But the proof of fraudulent intent need not be direct.

> "* * * The requisite intent may be proved by '(1) an intent to do the *actus reus* [the guilty act], and (2) no circumstance of exculpation.' Perkins, Criminal Law (1957), p 657. [Perkins, Criminal Law 745 (2d ed 1969).]If the state proves that an act proscribed by the statute has been committed, it has made out a prima facie case sufficient for submission to the jury. The rule is summarized by one writer as follows:

> " 'Thus it seems to be necessary to prove only some one of all the innumerable acts in that almost

infinite range of behavior called conversion, and a prima facie case of intent to defraud is established, leaving the accused no comfort in sitting mute but necessitating his making some explanation of his conduct * * *.' Snyder, Equity Principles in Embezzlement Prosecutions, 30 Ill L Rev 995, 1004-1005 (1936)." *State v. Hanna,* 224 Or 588, 596-97, 356 P2d 1046 (1960).

Affirmed.