Argued September 27, affirmed November 5, 1971, petition for
review denied September 19, 1972

STATE OF OREGON, *Respondent, v.*
HAYDEN J. BREWER, JR., *Appellant.*
490 P2d 202

*Monte E. Walter*, Portland, argued the cause for appellant. With him on the brief were Brian W. O'Brien, James T. Duncan, and A. Ben Sanchez, Portland.

No appearance for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Defendant was charged and convicted of embezzlement under ORS 165.010.

Defendant was an employe of one Peter W. Sharp. Through this employment defendant gained possession of a pair of scales used for weighing nails sold in bulk. Without Mr. Sharp's knowledge, defendant attempted to sell the scales. Defendant claimed

he had the authority to sell the scales, as he had previously sold other property for Mr. Sharp, and that he planned to turn the gross receipts of the sale over to his employer. Mr. Sharp testified he had told the defendant the scales were not for sale, and that the defendant did not have authority to sell them. Apparently the jury believed the testimony of Mr. Sharp.

■ Defendant makes several assignments of error. He opens with two attacks on the sufficiency of the indictment, these contentions being made for the first time on appeal. First, he argues the indictment fails to charge any crime, in that it does not allege "felonious intent." It is true that intent is an element of the offense charged under ORS 165.010. *State v. Hanna,* 224 Or 588, 356 P2d 1046 (1960).

As stated in another embezzlement case, it is also true that:

"* * * [T]he indictment can at any stage of the proceedings—even here for the first time on appeal—be challenged on the ground that it does not state facts sufficient to constitute a crime, but courts do not look with favor upon such delay in the attack. * * *

"* * *

"* * * In 42 CJS, Indictments and Informations, 1348, § 319, appears the following:

" 'In general, a defective statement of the offense is aided or cured by verdict, but not a statement of a defective cause. After verdict, it is only a failure to allege, even imperfectly, any crime known to the law that can be raised. It has been variously stated that an indictment or information will not be held bad after verdict unless it fails in some essential averment necessary in the description of the crime, or unless the indictment is void, charges no offense, and is wholly insufficient to

intercept the running of the statute of limitations * * *.'" *State of Oregon v. Monk,* 193 Or 450, 456-57, 238 P2d 1110 (1951).

■ Judged by this standard the instant indictment is sufficient. The pertinent part of the indictment charged that the defendant "did * * * unlawfully and willfully embezzle and fraudulently convert * * * to his own use" the property in question. The language of the indictment thus closely paralleled the language of the statute, ORS 165.010. An indictment in this form is sufficient. *State v. Bengtson,* 230 Or 19, 367 P2d 363, 96 ALR2d 150 (1961); *State v. German,* 162 Or 166, 90 P2d 185 (1939).

Second, defendant argues the indictment does not adequately describe the property embezzled, relying on *State v. Green,* 245 Or 319, 422 P2d 272 (1966). The present indictment describes the property as "a certain pair of scales of the value of $75.00." In *Green,* an indictment for receiving and concealing stolen property, which described the property as "certain hand tools" was held inadequate.

■ However, *Green* also holds that this matter must be raised by motion for a directed verdict or motion in arrest of judgment or objection to the admission in evidence of the property in question. None of those procedures were followed in the case at bar.

Next, defendant contends his motion for a directed verdict at the close of the state's case should have been granted for the reasons stated in the motion. First, that the state's case failed to prove a material allegation of the indictment, or, stated differently, that there was a fatal variance between the indictment and the proof. The indictment alleged the scales in question were "the property of * * * Peter W.

Sharp." The state's case established the scales were the property of one Dan Thomes, and that Mr. Sharp had possession of the scales pursuant to a loan or bailment from Mr. Thomes.

■■ In both embezzlement and larceny cases it has long been held that a taking is wrongful, not only from the person owning legal title, but also from any person entitled to possession. *See, e.g., State v. Smith,* 253 Or 280, 453 P2d 942 (1969) (larceny); *State v. Altig,* 243 Or 138, 412 P2d 25 (1966) (embezzlement). It follows that there was no failure of proof or fatal variance. *State v. Chapin,* 74 Or 346, 144 P 1187 (1915), *overruled on other grounds, State v. Hanna,* supra.

■ Second, defendant contends his motion for a directed verdict should have been granted because there was no evidence the defendant had any intent to defraud. The contention is without merit. There was sufficient evidence on this point to go to the jury. *State v. Stanley,* 1 Or App 193, 460 P2d 369 (1969).

■ Defendant's final assignment of error reads:

"The court erred in failure to give an instruction distinguishing between the legal meaning of intent and motive."

Since no objections to the jury instructions were made at trial we do not consider this assignment of error.

Affirmed.