Argued May 16, affirmed June 23, petition for rehearing denied
August 8, petition for review denied October 17, 1972

STATE OF OREGON, *Appellant, v.*
STEVEN B. BETTIN (No. 7483), *Respondent.*

STATE OF OREGON, *Appellant, v.*
CHARLEEN J. ENGLISH (No. 7484), *Respondent.*

STATE OF OREGON, *Appellant, v.*
CORLEA S. BETTIN (No. 7485), *Respondent.*

STATE OF OREGON, *Appellant, v.*
GREGORY WILLIAM REMLING (No. 7525),
*Respondent.*

498 P2d 382

*Robert E. Brasch,* District Attorney, Coquille, argued the cause for appellants. With him on the brief was Richard L. Barron, Assistant District Attorney, Coquille.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for respondents.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FOLEY, J.

These are the consolidated appeals in four criminal cases. In each case the defendant is charged by indictment with criminal activity in drugs. The circuit court sustained demurrers to each of the four indictments on the ground that the indictments did not state the crime with sufficient definiteness and certainty, and the state appeals.

Typical of the four indictments charging criminal activity in drugs (omitting caption) is the following:

"That said ———————— on the 15th day of January, 1972, in the County of Coos and State of Oregon, then and there being, did unlawfully and knowingly possess Marijuana, a narcotic drug contrary to the Statutes \* \* \*."

The cases were brought under the new criminal code which was adopted by the Oregon Legislature in 1971. The statute under which the indictments were brought reads as follows:

ORS 167.207:

"(1) A person commits the crime of criminal activity in drugs if he knowingly and unlawfully manufacturers [sic], cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug.

"(2) Except as provided in subsections (3) and (4) of this section, criminal activity in drugs is a Class B felony, or the court may, under the criteria set forth in ORS 161.705, enter judgment for a Class A misdemeanor and impose sentence accordingly.

"(3) Notwithstanding subsection (2) of this section, if the conviction is for possession of less than one avoirdupois ounce of marihuana and it is the defendant's first conviction for any narcotic or dangerous drug offense, criminal activity in drugs is a Class A misdemeanor.

"(4) Notwithstanding subsection (2) of this section, if the defendant is 18 years of age or over and the conviction is for furnishing a narcotic or dangerous drug to a person under 18 years of age and who is at least three years younger than the defendant, criminal activity in drugs is a Class A felony."

The indictments alleged that each defendant unlawfully and knowingly possessed marihuana, except the indictment against the defendant Remling alleged that he knowingly, *feloniously,* and unlawfully possessed marihuana. The defendants contended in argument before the circuit court that since the penalty, i.e., whether the offense was to be a felony or a misdemeanor, depended on the quantity of marihuana pos-

sessed and whether defendant had previously been convicted of a narcotic or dangerous drug offense, they were entitled to be advised of the state's contention in this regard. The state contended that the provisions of the statutes referring to quantity and prior drug convictions are sentencing provisions and do not contain matters required to be alleged in the indictment. The trial court agreed with defendants' contention, sustained the demurrers, dismissed the indictments and authorized resubmission of the cases to the grand jury. The state then appealed pursuant to ORS 138.060.

"Article I, section 11, of the Oregon Constitution provides that in 'all criminal prosecutions, the accused shall have the right * * * to demand the nature and cause of the accusation against him, and to have a copy thereof * * *.' * * *" *State v. Green,* 245 Or 319, 322, 422 P2d 272 (1966).

The statutes implementing the constitution as to indictments set forth the particularity with which an offense must be charged in an indictment.[1]

---

[1] "ORS 132.520: 'The indictment, which is the first pleading on the part of the state, shall contain:

" '* * * * *

" '(2) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.'

"ORS 132.530: 'The indictment must be direct and certain as to the party charged, the crime charged and the particular circumstances of the crime charged when such circumstances are necessary to constitute a complete crime.'

"ORS 132.540: '(1) The indictment is sufficient if it can be understood therefrom that:

" '* * * * *

" '(f) The act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended and with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case; * * *.' " State v. Green, 245 Or 319, 322-23, 422 P2d 272 (1966).

ORS 135.630(2) provides that failure to conform substantially to the "certainty" requirements set forth in n 1 is a ground for demurrer.

■ Under the state's theory, a defendant charged with possession of marihuana would not know whether he was being charged with a Class B felony or a Class A misdemeanor until the court, during or after the trial, made a factual determination as to the quantity of marihuana possessed. If the quantity requirement of subsection (3) of the Act were construed as a sentencing provision as the state urges, the trial court rather than the jury would become the fact finder and make evidentiary findings. This is contrary to the requirements of ORS 136.320 which provides, in criminal cases, that

> "* * * all questions of fact * * * shall be decided by the jury, and all evidence thereon addressed to it."

Even more compellingly, Oregon Constitution, Art I, § 16, provides in pertinent part:

> "* * * In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law * * *."

■ We hold, therefore, that the defendants are entitled to have the allegations charging them with the crime of possession of marihuana made more definite and certain by alleging whether the quantity of marihuana claimed to have been possessed was greater or less than one avoirdupois ounce.[2]

---

[2] In State v. Poyntz, 168 Or 69, 71, 120 P2d 966 (1942), our Supreme Court construed the larceny statute then in effect.
"* * * [The statute defined] larceny as follows:
"'If any person shall steal any goods or chattels * * *

Affirmed.

which is the property of another, such person shall be deemed guilty of larceny, and upon conviction thereof, if the property stolen shall exceed in value $35, shall be punished by imprisonment in the penitentiary not less than one nor more than ten years; but if the property stolen shall not exceed the value of $35, such person, upon conviction thereof, shall be punished by imprisonment in the county jail not less than one month nor more than one year, or by fine not less than $25 nor more than $100.' "

The Court considered the necessity of an allegation of value. The Court concluded that

"* * * value is an essential ingredient of the crime of larceny in order to determine to which class the offense belongs * * *." 168 Or at 73.

This statute and the requirement for pleading value in the indictment is analogous to the present case with reference to pleading the quantity of marihuana.